608 A.2d 1099

PENNSYLVANIA ASSOCIATION OF LIFE UNDERWRITERS; Albert C. Krempa, Jr., CLU, Ch FC; Professional Insurance Agents Association of Pennsylvania, Maryland and Delaware, Inc.; Robinson–Conner, Inc.; Independent Insurance Agents of Pennsylvania; and Travis B. Young & Son Agency, Petitioners,

v.

Constance B. FOSTER, as Statutory Liquidator of Pennsylvania Independent Business Association ("PIBA"), National Independent Business Association ("NIBA"), the American Independent Business Alliance ("AIBA"), NIBA Group Benefits Trust, and AIBA Group Insurance Trust a/k/a AIBA Group Benefits Trust, collectively known as "AIBA", Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1991.

Decided May 4, 1992.

See also 146 Pa.Cmwlth. 156, 604 A.2d 1198.

Kevin J. McKeon, for petitioners.

Daniel F. Ryan, III, for respondent.

Before PALLADINO and SMITH, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Before the court for disposition are the motion for partial judgment on the pleadings, filed pursuant to Pa.R.C.P. No. 1034, of Pennsylvania Association of Life Underwriters, Albert C. Krempa Jr., CLU, Ch FC, Professional Insurance Agents Association of Pennsylvania, Maryland and Delaware, Inc., Robinson–Conner, Inc., Independent Insurance Agents of Pennsylvania, and Travis B. Young & Son Agency (collectively, Petitioners) and the motion for judgment on the pleadings, also filed pursuant to Pa.R.C.P. No. 1034, of the Insurance Commissioner, Constance B. Foster (commissioner) acting as statutory liquidator of Pennsylvania Independent Business Association ("PIBA"), National Independent Business Association ("NIBA"), The American Independent Business Alliance ("AIBA"), NIBA Group Benefits Trust and AIBA Group Insurance Trust a/k/a AIBA Group Benefits Trust (collectively AIBA) in the above-captioned case. The case is in this court's original jurisdiction pursuant to a petition for review seeking declaratory and equitable relief filed by Petitioners on August 19, 1991.

Petitioners are three trade associations composed of insurance agents, and three individual insurance agencies or agents, all of whom are licensed to write life, health and casualty insurance in the commonwealth. Petitioners seek declaratory and injunctive relief in the nature of a ruling from this court declaring that the commissioner may not collect, and is enjoined from collecting, from Petitioners assets of the estate of AIBA, an insurer for whom the commissioner is acting as statutory liquidator.

The facts alleged in the petition for review are as follows. On May 2, 1989, the commissioner issued a suspension order

against AIBA which was followed, on May 26, 1989, by a notice, issued by the commissioner, advising the general public that AIBA could not write any new or renewal business after June 30, 1989 and that coverage would be provided for claims occurring on or before June 30, 1989, if insurance premiums were paid by that date. On June 8, 1989, the commissioner filed a petition for liquidation against AIBA, and on February 15, 1990, this court issued an order of liquidation and appointed the commissioner as the statutory liquidator of AIBA.

On July 22, 1991, the commissioner, as statutory liquidator for AIBA, sent letters advising Petitioners that the Petitioners' sale of insurance coverage for AIBA prior to June 30, 1989 violated The Insurance Department Act of 1921 (IDA), Act of May 17, 1921, P.L. 789, *as amended*, 40 P.S. §§ 1–308. The letter stated that the Petitioners had violated sections 603, 604 and 607 of IDA, 40 P.S. §§ 233, 234 and 237, relating to soliciting and selling insurance for a fictitious company and selling insurance without a license, as well as sections 605 and 639, 40 P.S. §§ 235 and 279, which impose personal liability on an agent for losses incurred or business produced for an unauthorized insurer and provide for suspension or revocation of the agents' licenses or civil penalties.

The following language appeared in the letter of July 22, 1991 which Petitioners contend gives rise to their right to the relief requested in their petition for review:

In the interest of reaching a fair and equitable settlement on your involvement with AIBA, the Insurance Department seeks your full payment of commissions and 50% of the unpaid claims incurred by your clients as restitution to the victims of this unlawful insurance enterprise. In consideration of your payment of this restitution, the Department will forgo commencing any legal actions against you for your role in AIBA. To take advantage of this settlement, your total payment of $93,-

174.20 [1] made by certified check payable to the Statutory Liquidator for AIBA must be received at the Insurance Department Office at the 13th Floor Strawberry Square, Harrisburg, PA 17120 within thirty (30) calendar days from the date of this letter. You are to include your agent number on the check.

Petition for Review, Exhibit F.

Petitioner's petition for review is set forth in three counts. Count I requests a declaration that the commissioner's threat of license revocation and other enforcement actions without first providing Petitioners with a hearing violates Petitioners' due process rights and exceeds the scope of the statutory liquidator's authority to collect assets of a liquidated insurer. Count II requests a declaration that section 605 of IDA which imposes personal liability on agents for selling insurance for entities not authorized to do business in Pennsylvania, is unconstitutional on its face or as applied to Petitioners because Petitioners were ignorant through no fault of their own of the unlicensed status of AIBA when they sold insurance for AIBA. Count III requests a declaration that the statutory liquidator is without authority to collect earned commissions from Petitioner agents as assets of a liquidated insurer's estate.

On September 13, 1991, the commissioner filed an answer and new matter which alleged that Petitioners were not entitled to declaratory or equitable relief because they were seeking an advisory opinion and had not exhausted their administrative remedies. Petitioners filed a reply to new matter on October 7, 1991.

Presently before the court for disposition are the motion for partial judgment on the pleadings on counts I and III filed by Petitioners on November 8, 1991, and the motion for judgment on the pleadings filed by the commissioner on November 20, 1991. The commissioner also requested a consolidated disposition of both motions and consolidation

---

1. This was the amount set forth in the letter to petitioner Albert C. Krempa. Although the amount varied from agent to agent, the remainder of the language quoted was the same in each letter.

for the purposes of oral argument was granted by this court.

The issues presented by the motions for judgment on the pleadings are as follows: (1) whether the commissioner is entitled to a judgment on the pleadings as a matter of law because Petitioners have failed to exhaust their administrative remedies and are impermissibly seeking an advisory opinion, (2) whether Petitioners are entitled to a partial judgment on the pleadings as a matter of law because the Commissioner's July 22 letters and the enforcement actions threatened therein by the Commissioner constituted adjudications made without affording Petitioners due process of law in the form of a notice and hearing and/or exceeded the statutory liquidator's authority under IDA, and (3) whether Petitioners are entitled to a partial judgment on the pleadings as a matter of law because the statutory liquidator lacks authority under IDA to collect Petitioners' earned insurance sales commissions as estate assets of a liquidated insurer (AIBA).

## JUDGMENT ON PLEADINGS STANDARD

Pennsylvania Rule of Civil Procedure No. 1034 provides that "after the pleadings are closed, but within such time as not to delay trial, any party may move for judgment on the pleadings ... [, and] ... [t]he court shall enter such judgment or order as shall be proper on the pleadings."

When ruling on a motion for judgment on the pleadings in this court's original jurisdiction, this court has stated that "a motion for judgment on the pleadings is in the nature of a demurrer; all of the opposing party's allegations are viewed as true and only those facts which have been specifically admitted by him may be considered against him. We may, of course, only consider the pleadings themselves and any documents properly attached thereto." *Department of Public Welfare v. Joyce*, 131 Pa.Commonwealth Ct. 621, 622, 571 A.2d 536, 536 (1990) (citations omitted).

■ A motion for judgment on the pleadings may summarily dispose of a case only when there exists no genuine issue of fact and the moving party is entitled to judgment as a matter of law. *Giddings v. Tartler*, 130 Pa.Commonwealth Ct. 175, 567 A.2d 766 (1989).

## COMMISSIONER'S MOTION

■ The commissioner argues that she is entitled to judgment on the pleadings because Petitioners' petition for review asks for an advisory opinion and because Petitioners have failed to exhaust their administrative remedies. We will address the commissioner's motion first because a grant of the commissioner's motion on either of these grounds would result in dismissal of Petitioners' petition for review in its entirety.

The commissioner argues that the Petitioners' petition for review asks for an advisory opinion of this court because the issues involved are not ripe for determination. She argues that Petitioners may not use the Declaratory Judgments Act (DJA), 42 Pa.C.S. §§ 7531–7541, to seek a determination of their rights in anticipation of events which may never occur. The commissioner argues that the letter does not reflect a decision on the part of the commissioner to pursue a course of action against the Petitioners, therefore Petitioners' cause of action is premature.

The DJA states, in section 7541(a), that the purpose of a declaratory judgment action is to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered." 42 Pa.C.S. § 7541(a). With respect to statutory interpretation, the DJA provides in section 7533 that "[a]ny person ... may have determined any question of construction or validity arising under ... [a] statute ... and obtain a declaration of rights, status, or other legal relations thereunder." 42 Pa.C.S. § 7533.

In the case before the court, Petitioners are seeking a declaration regarding the commissioner's authority to pursue the course of action which is proposed in the letter.

The proposed action would certainly affect the Petitioners' rights and status as insurance agents in the commonwealth. The fact that the commissioner has made her intentions known to the Petitioners, in her July 22, 1991 letter, gives rise to uncertainty and insecurity on the part of Petitioners with respect to their legal relations with the commissioner. Accordingly, the Petitioners' request for the determinations that they seek in the petition for review is proper. Therefore, we hold that the petition for review is properly brought under the DJA and that it does not seek an advisory opinion. The commissioner's motion for judgment on the pleadings on that ground is denied.

As to whether Petitioners have failed to exhaust their administrative remedies, the commissioner argues that this case must be heard first at the administrative level. The commissioner points out that Petitioners are required to exhaust administrative remedies before a right to review by this court arises. Petitioners counter with the argument that they have no remedy before the Insurance Department because the commissioner's letter constitutes her decision that the Petitioners have violated IDA. However, because we have determined that the Petitioners' petition for review was proper under the DJA, and as such is properly before this court for review, and because the availability of an alternate remedy does not preclude an action under the DJA, § 7541(b), we need not determine whether Petitioners have exhausted their administrative remedies in this case.

## DUE PROCESS

■ As to the first issue, Petitioners argue that the commissioner's July 22 letters constituted 1) a conclusion without notice, hearing or advance communication that the Petitioners' actions in selling insurance coverage for AIBA constitute violations of IDA and render Petitioners liable for license revocation, incarceration, criminal fines and civil penalties and 2) a threat of penalties unless Petitioners paid the commissioner as statutory liquidator all commissions

received from and 50% of the unpaid claims incurred by Petitioners' clients/insureds as restitution.

Petitioners argue further that the letter informs Petitioners that they have been found guilty of violating IDA and accordingly are faced with the above-referenced penalties. They argue that this violates their due process rights because it constitutes a prejudgment on the issue of whether the Petitioners have indeed violated IDA, and rely on cases which hold that the right to plead one's case before a fair and impartial tribunal is equally applicable in an administrative setting, such as this, as in a criminal setting.

The commissioner asserts that her July 22 letter did not constitute an adjudication and did not affect Petitioners' property rights because no administrative proceedings were initiated against any insurance agent and no government directive was issued to any insurance agent. The commissioner characterizes her July 22 letter as a settlement offer which if rejected by Petitioners, will trigger proceedings in accordance with due process protections. The commissioner contends that Petitioners will suffer no penalty for not complying with the July 22 letters, i.e., no summary license revocation or summary imposition of monetary penalties.

Review of the language of the letter reveals it contains an offer from the commissioner, prior to commencement of any legal proceedings, to "forgo commencing legal action", in return for a settlement amount.

There is nothing in the letter to indicate that the provisions of section 639 of IDA, 40 P.S. § 279, relating to the procedures under which the commissioner may fine an agent or revoke his or her license, will not be followed by the commissioner when legal action is commenced. The procedures set forth in section 635 provide for due process in the form of a hearing after written notice.

We conclude that the letter does not constitute a prejudgment, and that it is not a threat, but rather merely a settlement offer. Therefore, Petitioners' motion for judg-

ment on the pleadings on the ground that their due process rights have been violated is denied.

## EXCESS OF STATUTORY POWER

■ Alternatively, Petitioners argue that the commissioner's attempt to collect their sales commissions exceeds the scope of the commissioner's authority as the statutory liquidator. Petitioners assert that the commissioner is confusing her separate functions as a liquidator and as a regulator. Petitioners argue that section 523 of IDA, 40 P.S. § 221.23, which describes a liquidator's various powers with respect to the insolvent insurer, does not confer powers on the liquidator with respect to licensed insurance agents who sold policies for the insolvent insurer.

Petitioners are correct in their assertion that section 523 does not specifically state that the liquidator may collect from insurance agents all commissions received and 50% of the unpaid claims incurred by Petitioners' clients/insureds.

However, as the commissioner points out, the powers of a liquidator are very broadly delineated in section 523 and include authority to do such acts as may be necessary or expedient for the accomplishment of, or in aid of the purpose of, liquidation.

Section 523(6), 40 P.S. § 221.23(6), provides that the liquidator shall have the power:

To collect all debts and moneys due and claims belonging to the insurer which it is economical to collect, wherever located, and for this purpose to ... do such other acts as are necessary or expedient to collect, conserve or protect its assets or property....

We hold that this language clearly authorizes the commissioner, acting as statutory liquidator, to proceed with any lawful means to collect from agents the assets of estate of AIBA. Therefore, Petitioners' motion for summary judgment on the ground that the commissioner exceeded her authority is denied.

## EARNED COMMISSIONS AS PART
## OF AIBA'S ESTATE

■ Petitioners argue that they are entitled to partial summary judgment on count III of their petition for review because the commissioner has no legal right to gather earned commissions of agents and brokers as assets of the AIBA estate because the earned sales commissions are not part of a liquidated insurer's estate under section 535 of IDA, 40 P.S. § 221.35(a). The primary inquiry is whether Petitioners' commissions which the commissioner seeks to recover for the estate of AIBA were earned (i.e., insurance coverage was actually provided by AIBA) or unearned (i.e., insurance coverage was not provided by AIBA).

Section 535 states that an insurance agent must pay to the insurer any unpaid premium due the insurer at the time of the declaration of insolvency whether earned or unearned as shown in the insurer's records, and section 535 also specifies that the insurer's liquidator has the right to recover from an agent "any part of an unearned premium that represents commission of such person."

In a January 31, 1991 opinion and order in *Re Professional Insurance Agents Assn. of PA, MD & DE, Inc.,* (No. C89–11–12, filed January 31, 1991), the commissioner interpreted section 535 to exclude from a liquidated insurer's estate any earned commissions (i.e., sales commission on insurance coverage actually provided by insurer). In formulating her interpretation, the commissioner relied upon the statutory language, the decisions of other jurisdictions, and the commonwealth court's decision in *Sheppard v. Old Heritage Mutual Insurance Co.,* 45 Pa.Commonwealth Ct. 428, 405 A.2d 1325 (1979), which excluded agents' earned commissions from the assets of an insurance company for the purpose of determining the company's solvency.

The commissions that were unearned (insurance coverage not provided by AIBA) at the time of the declaration of insolvency would therefore clearly be a part of AIBA's estate under the commissioner's own decision. *Sheppard.*

Petitioners claim that, pursuant to the commissioner's May 26, 1989 public notice, AIBA was still able to provide insurance coverage for new or renewal business until June 30, 1989. Consequently, Petitioners argue that they are entitled to retain the commissions they collected on AIBA insurance policies sold until June 30, 1989, because such commissions were earned (i.e., for insurance coverage actually provided by AIBA).

The commissioner contends that her July 22 letters sought to have the agents return to AIBA's estate unearned commissions, i.e., commissions on sales of AIBA insurance policies which were made after AIBA was suspended from doing business on May 2, 1989. The commissioner does not refer to her May 26, 1989 notice advising the public that AIBA could not write new or renewal business after June 30, 1989.

Petitioners and the commissioner propose two interpretations of the applicability of section 535 to the case at bar which are irreconcilably incompatible. Because interpretation of section 535 is a case of first impression for the courts of this commonwealth, and because Petitioners and the commissioner have advanced divergent interpretations, both of which are plausible, we conclude that Petitioners have failed to show clear entitlement to judgment on the pleadings as a matter of law. Therefore Petitioners' motion for partial judgment on the pleadings on the ground that the commissions were not part of AIBA's estate is denied.

Accordingly, both the motion for partial judgment on the pleadings of Petitioners and the motion for judgment on the pleadings of the commissioner are denied.

## ORDER

AND NOW, May 4, 1992, both the motion for partial judgment on the pleadings of Pennsylvania Association of Life Underwriters, Albert C. Krempa Jr., CLU, Ch FC, Professional Insurance Agents Association of Pennsylvania, Maryland and Delaware, Inc., Robinson–Conner, Inc., Inde-

pendent Insurance Agents of Pennsylvania, and Travis B. Young & Son Agency and the motion for judgment on the pleadings of the Insurance Commissioner, Constance B. Foster, acting as statutory liquidator of Pennsylvania Independent Business Association ("PIBA"), National Independent Business Association ("NIBA"), The American Independent Business Alliance ("AIBA"), NIBA Group Benefits Trust and AIBA Group Insurance Trust a/k/a AIBA Group Benefits Trust in the above-captioned case are hereby denied.