## Denny's Restaurants Inc. v. Mosten

*Walter A. McClatchy*, for plaintiffs.
*Jeffrey B. Rettig*, for defendant.

TURGEON, *J.*, December 30, 1992—Defendant Douglas L. Mosten has filed a motion for judgment on the pleadings or in the alternative, a motion for summary judgment in this matter. Oral argument was heard on defendant's motions before an en banc panel of this court on December 3, 1992. For the reasons set forth below, the defendant's motion for judgment on the pleadings is granted.

The cause of action in this matter arises from an incident that occurred on or about April 22, 1986, when defendant Mosten allegedly drove his car into a power transformer at the Union Deposit Mall causing a power outage. Plaintiffs' counsel filed a writ of summons against all defendants on April 18, 1988. Service of the writ was attempted on defendant Mosten on May 18, 1988, but the sheriff made a return of service indicating that he was unable to find Mr. Mosten. The pleadings indicate that no further action was taken on this matter until November 29, 1991, when plaintiffs' counsel wrote a letter to the court objecting to the termination of the case for inactivity. Thereupon

Judge Dowling, on February 12, 1992, ordered the plaintiffs to file and serve a complaint on defendant Mosten on or before April 1, 1992. Plaintiffs failed to file their complaint until April 6, 1992, which we note was also over four years after the writ of summons had been filed and nearly six years after the alleged negligent act had occurred. In addition, defendant Mosten was not served until May 19, 1992.

On July 13, 1992, defendant Mosten filed an answer with new matter to the complaint, in which he raised the issue of expiration of the statute of limitations in his new matter. In addition, on July 20, 1992, defendant Mosten filed a request for admissions which included the following:

"(2) That on or about May 18, 1988, the sheriff made a return of service indicating that he had not found Mr. Mosten.

"(3) That from May 18, 1988, until February 12, 1992, no effort was made to serve Mr. Mosten with the writ of summons....

"(6) That plaintiffs' counsel made no good faith effort to serve Mr. Mosten with process after the sheriff made a return of service of 'not found' until on or about March 1992.

"(7) That in accordance with the *Lamp* doctrine, the two-year statute of limitations in this case was not tolled by the filing of the writ of summons on April 18, 1988.

"(8) That plaintiffs' claim is barred by the statute of limitations.

"You are directed to file an answer to this request, in compliance with Pa.R.C.P. 4014 (b), within 30 days after service of this request upon you."

The certificate of service indicates that the request for admissions was placed in the mail, postage pre-paid, on

the 10th day of July 1992. Pennsylvania Rule of Civil Procedure 4014(b) provides that each matter to which an admission is requested is deemed admitted unless within 30 days after service the party to whom the request is directed serves an answer or an objection. The plaintiffs here filed neither an answer nor an objection within that time period. Any matter admitted under Rule 4014 is conclusively established unless the court permits withdrawal or amendment of the admission. Pa.R.C.P. 4014(d).

Similarly, Pa.R.C.P. 1029(b) provides that averments contained in a pleading which are not denied are deemed admitted. The plaintiffs, who had until August 3, 1992, to file an answer to defendant Mosten's new matter, failed to do so. See, Pa.R.C.P. 1026(a). Accordingly, on September 14, 1992, because plaintiffs failed to timely respond to both defendant Mosten's new matter and to his request for admissions, and because the material contained therein must thereby be considered admitted, defendant filed the within motions for judgment on the pleadings or summary judgment.*

Defendant Mosten argues that under the pleadings, the plaintiffs have failed to show that a good faith effort was made to serve him and that as a consequence, the two-year statute of limitations for negligent actions was not tolled by the filing of the writ of summons. The Pennsylvania Supreme Court in *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976), announced that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery

---

* Plaintiffs did eventually file, on September 11, 1992, both their response to defendant Mosten's request for admissions and a response to his new matter. Defendant Mosten's counsel had not yet received these responses when he filed the motions presently before us.

he has set in motion." *Lamp* at 478, 366 A.2d at 889. See also, *Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986), and *Leidich v. Franklin,* 394 Pa. Super. 302, 575 A.2d 914 (1990).

A motion for judgment on the pleadings is in the nature of a demurrer; all of the opposing party's allegations are viewed as true and only those facts which have been admitted by the party opposing the motion may be considered against him. The court reviewing such a motion may consider only the pleadings themselves and any documents properly attached thereto. A motion for judgment on the pleadings may summarily dispose of a case only when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Pa. Assn. of Life Underwriters v. Foster,* 147 Pa. Commw. 591, 597, 608 A.2d 1099, 1101-02 (1992).

On the pleadings, we must accept as true for the purpose of deciding defendant's alternative motions that "plaintiffs' counsel made no good faith effort to serve Mr. Mosten with process after the sheriff made a return of service of 'not found' until on or about March 1992." See, *Request for Admissions of Defendant Mosten no. 6.* Therefore, based upon the *Lamp* case and its progeny, we conclude that the plaintiffs have indeed undertaken a course of conduct which has stalled in its tracks the legal machinery which they set in motion by filing the writ of summons on April 18, 1988, to wit: A complaint was not filed until almost four years after the writ was filed. Plaintiffs failed to file a complaint within the time period set forth by Judge Dowling, and most importantly, defendant Mosten was not served until more than four years after the writ was filed. Accordingly, we conclude due to the plaintiffs' inaction after they failed to effect service upon defendant Mosten on May 18, 1988, that the filing

576

of their writ of summons on April 18, 1988, failed to effectively toll the statute of limitations against him and we therefore enter the following

ORDER

And now, December 30, 1992, defendant Douglas L. Mosten's motion for judgment on the pleadings is hereby granted.