645 A.2d 907

**PENNSYLVANIA ASSOCIATION OF LIFE UNDERWRITERS; Albert C. Krempa, Jr., CLU, Ch FC; Professional Insurance Agents Association of Pennsylvania, Maryland and Delaware, Inc.; Robinson–Conner, Inc.; Independent Insurance Agents of Pennsylvania; and Travis B. Young & Son Agency, Petitioners,**

v.

**Constance B. FOSTER, as Statutory liquidator of Pennsylvania Independent Business Association ("PIBA"), National Independent Business Association ("NIBA"), The American Independent Business Alliance ("AIBA"), NIBA Group Benefits Trust, and AIBA Group Benefits Trust, collectively known as "AIBA", Respondents.**

Commonwealth Court of Pennsylvania.

Argued May 11, 1994.

Decided July 11, 1994.

Karen M. Balaban, for petitioners.

Daniel F. Ryan, III, for respondents.

Before CRAIG, President Judge, DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

McGINLEY, Judge.

Before the court for disposition is a motion for summary judgment, filed pursuant to Pa.R.C.P. No. 1035, on behalf of the Insurance Commissioner, Constance B. Foster (Commissioner) acting as Statutory Liquidator of Pennsylvania Independent Business Association ("PIBA"), National Independent Business Association ("NIBA"), The American Independent Business Alliance ("AIBA"), NIBA Group Benefits Trust and

AIBA Group Insurance Trust a/k/a AIBA Group Benefits Trust (collectively AIBA) in the above-captioned case and a cross-motion for summary judgment, also filed pursuant to Pa.R.C.P. No. 1035, on behalf of the Pennsylvania Association of Life Underwriters, Albert C. Krempa, Jr., Professional Insurance Agents Association of Pennsylvania, Maryland and Delaware, Inc., Robinson–Conner, Inc., Independent Insurance Agents of Pennsylvania, and Travis B. Young & Son Agency (collectively, Agents). The case is in this Court's original jurisdiction pursuant to a petition for review seeking declaratory and equitable relief filed by Agents on August 19, 1991.

Agents are three trade associations composed of insurance agents, and three individual insurance agencies or agents, all of whom are licensed to write life, health and casualty insurance in the Commonwealth. Agents seek declaratory and injunctive relief in the nature of a ruling from this court declaring that the Commissioner may not recover, and is enjoined from recovering, any earned commissions of these Agents who placed business with AIBA, an unauthorized insurer for whom the Commissioner is acting as Statutory Liquidator.

The facts alleged in the petition for review are as follows. On May 2, 1989, the Commissioner issued a suspension order against AIBA which was followed, on May 26, 1989, by a notice, issued by the Commissioner, advising the general public that AIBA was not to write any new or renewal business after June 30, 1989 and that coverage would be provided for claims occurring on or before June 30, 1989, if insurance premiums were paid by that date. On June 8, 1989, the Commissioner filed a petition for liquidation against AIBA, and on February 15, 1990, this Court issued an order of liquidation and appointed the Commissioner as the Statutory Liquidator of AIBA.

On July 22, 1991, the Commissioner, as Statutory Liquidator for AIBA, sent letters advising Agents that the Agents' sale of insurance coverage for AIBA prior to June 30, 1989, violated The Insurance Department Act of 1921 (IDA), Act of

May 17, 1921, P.L. 789, *as amended,* 40 P.S. §§ 1–308. The letter stated that the Agents had violated sections 603, 604 and 607 of IDA, 70 P.S. §§ 233, 234 and 237, relating to soliciting and selling insurance for a fictitious company and selling insurance without a license, as well as Sections 605 and 639, 40 P.S. §§ 235 and 279, which impose personal liability on an agent for losses incurred or business produced for an unauthorized insurer and provide for suspension or revocation of the agents' licenses or civil penalties.

The following language appeared in the letter of July 22, 1991, which Agents contend gives rise to their right to the relief requested in their petition for review:

> In the interest of reaching a fair and equitable settlement on your involvement with AIBA, the Insurance Department seeks your full payment of commissions and 50% of the unpaid claims incurred by your clients as restitution to the victims of this unlawful insurance enterprise. In consideration of your payment of this restitution, the Department will forgo commencing any legal actions against you for your role in AIBA. To take advantage of this settlement, your total payment of $93,174.20[1] made by certified check payable to the Statutory Liquidator for AIBA must be received at the Insurance Department Office at the 13th Floor Strawberry Square, Harrisburg, PA 17120 within thirty (30) calendar days from the date of this letter. You are to include your agent number on the check.

Agents' Petition for Review, August 19, 1991, Exhibit F.

Agents' petition for review is set forth in three counts. Count I requests a declaration that the Commissioner's threat of license revocation and other enforcement actions without first providing Agents with a hearing violates Agents' due process rights and exceeds the scope of the Statutory Liquidator's authority to collect assets of a liquidated insurer. Count II requests a declaration that Section 605 of IDA which imposes personal liability on agents for selling insurance for

---

1. This is the amount set forth in the letter to petitioner Albert C. Krempa, Although the amount varied from agent to agent, the remainder of the language quoted is the same in each letter.

entities not authorized to do business in Pennsylvania, is unconstitutional on its face or as applied to Agents because Agents were ignorant through no fault of their own of the unlicensed status of AIBA when they sold insurance for AIBA. Count III requests a declaration that the Statutory Liquidator is without authority to collect earned commissions from Agents because such commissions are not assets of a liquidated insurer's estate.

On September 13, 1991, the Commissioner filed an answer and new matter which alleged that Agents were not entitled to declaratory or equitable relief because they were seeking an advisory opinion and had failed to exhaust their administrative remedies. Agents filed a reply to new matter on October 7, 1991.

Presently before this Court for disposition are: 1) the Commissioner's motion for summary judgment seeking to dismiss Agents' complaint on the ground that the July 22, 1991, letter was merely a settlement offer and did not constitute a prejudgment or threat against Agents; and 2) a cross-motion for summary judgment on Agents' behalf seeking a determination that their earned commissions cannot be collected by the Commissioner; and that Section 605 of the IDA, 40 P.S. § 237 (formerly § 235), does not impose liability upon Agents.

## ISSUES

The issues presented by the motion for summary judgment are as follows: 1) whether the Commissioner's threat of license revocation and other enforcement actions violates Agents' rights to substantive and procedural due process; 2) whether the Commissioner, as Statutory Liquidator of AIBA's estate, may demand the return of earned commissions; and 3) whether the Agents are liable under Section 605 of the IDA for contracts entered on behalf of an unauthorized insurer when they were deceived as to the insurer's status. We note that this Court may grant summary judgment where the right to the same is clear and free from doubt if there is no genuine issue of material fact, and if the

moving party is entitled to judgment as a matter of law. *Sonnenberg v. Erie Metropolitan Transit Authority,* 137 Pa.Commonwealth Ct. 533, 586 A.2d 1026 (1991).

## I. AGENTS' DUE PROCESS RIGHTS

■ Agents first allege in their complaint that the threats of license revocations and other enforcement actions in the Insurance Department's July 22, 1991, letters violate their due process rights by constituting a prejudgment of whether Agents have indeed violated the IDA and that they have a right to plead their cases before a fair and impartial tribunal. In *Pennsylvania Association of Life Underwriters v. Foster (Pennsylvania Association of Life Underwriters I),* 147 Pa.Commonwealth Ct. 591, 608 A.2d 1099 (1992), an earlier decision in this matter wherein we denied the parties' respective motions for judgment on the pleadings, this precise issue was addressed:

> Review of the language of the letter reveals it contains an offer from the commissioner, prior to commencement of any legal proceedings, to "forgo commencing legal action", in return for a settlement amount.
>
> There is nothing in the letter to indicate that the provisions of section 639 of IDA, 40 P.S. § 279, relating to the procedures under which the commissioner may fine an agent or revoke his or her license, will not be followed by the commissioner when legal action is commenced. The procedures set forth in section 635 provide for due process in the form of a hearing after written notice.
>
> We conclude that the letter does not constitute a prejudgment, and that it is not a threat, but rather merely a settlement offer.

*Id.* at 599, 608 A.2d at 1103. Accordingly, we hold that the Commissioner is entitled to summary judgment for the reason that the July 22, 1991, letter did not violate Agents' due process rights.

## II. EARNED COMMISSIONS AS
## PART OF AIBA'S ESTATE

■ Agents' also allege that the Commissioner, as Statutory Liquidator of AIBA's estate may not demand return of their earned commissions because the earned sales commissions are not part of AIBA's liquidated estate under Section 535 of AIBA, 40 P.S. § 221.35(a).

In *Pennsylvania Association of Life Underwriters I*, we summarized Agents' position on this issue:

> Section 535 states that an insurance agent must pay to the insurer any unpaid premium due the insurer at the time of the declaration of insolvency whether earned or unearned as shown in the insurer's records, and section 535 also specifies that the insurer's liquidator has the right to recover from an agent "any part of an unearned premium that represents commission of such person."

> In a January 31, 1991 opinion and order in Re Professional Insurance Agents Assn. of PA, MD & DE, Inc., (No. C89–11–12, filed January 31, 1991), the commissioner interpreted section 535 to exclude from a liquidated insurer's estate any earned commissions (i.e., sales commission on insurance coverage actually provided by insurer). In formulating her interpretation, the commissioner relied upon the statutory language, the decisions of other jurisdictions, and the commonwealth court's decision in *Sheppard v. Old Heritage Mutual Insurance Co.*, 45 Pa.Commonwealth Ct. 428, 405 A.2d 1325 (1979), which excluded agents' earned commissions from the assets of an insurance company for the purpose of determining the company's solvency.

*Id.* at 601, 608 A.2d at 1104. In view of the foregoing review of the Commissioner's previous interpretation of Section 535, as well as our decision in *Sheppard*, we agree with Agents and hold that they are entitled to summary judgment for the reason that their earned commissions are not part of AIBA's liquidated estate.

### III. AGENTS' LIABILITY UNDER SECTION 605

■ Agents' third contention is that Section 605 of the IDA as was in effect at the time the July 22, 1991, letter was written and at the time this lawsuit was filed stated:

> *Personal liability of agents acting for unauthorized companies*
>
> An insurance agent shall be personally liable on all contracts of insurance or suretyship unlawfully made by or through him, directly or indirectly, for or in behalf of any *company, association or exchange* not authorized to do business in this Commonwealth. Any person soliciting risks, forwarding premiums, or countersigning or delivering policies, shall be deemed to be the agent of the company, association, or exchange, within the meaning of this section. (Emphasis added.)

*Formerly* 40 P.S. § 235.

On June 11, 1992, years after AIBA ceased to exist and before this action was filed, Section 605 was amended as follows:

> *Personal liability of agents for unauthorized entity*
>
> An insurance agent shall be personally liable on all contracts of insurance or suretyship unlawfully made by or through him, directly or indirectly, for or on behalf of any *entity* not authorized to do business in this Commonwealth. This Section applies to any person who transacts business in this Commonwealth as an agent of an insurance entity without a certificate as required by this article. (Emphasis added.)

40 P.S. § 237.

Agents argue that AIBA was only a plan administrator [2] and not an *insurance company, association* or *exchange* as contemplated by Section 605 prior to the 1992 amendment. As a

2. AIBA was set up as a "multiple employer welfare arrangement" or MEWA, which is "an employee welfare benefit plan, or any other arrangement [other than an employee welfare benefit plan] which is established or maintained for the purpose of offering or providing any benefit described in paragraph (1) [medical, surgical hospital care, etc.] to the employees of two or more employers (including one or more self-

health benefits plan administrator, AIBA marketed plans, collected premiums, paid agents and settled claims. However, it was Agents' understanding that these plans were underwritten by a number of insurance companies licensed to do business in Pennsylvania such as Blue Cross/Blue Shield, World Life, TransAmerica, etc. Consequently, Agents relied on the fact that AIBA was a health plan administrator, not an insurance company. *See* Affidavit of Albert C. Krempa, Jr. (Krempa Affidavit), at 1–3.[3]

Furthermore, as indicated by the 1992 amendment, the legislature was aware that Section 605, as previously written, did not cover entities such as AIBA. As a result, Section 605 was rewritten to cover any insurance "entity" rather than any insurance "company, association or exchange" as previously written. Thus, while AIBA could be considered an insurance "entity" under the new Section 605, this provision was not in effect during AIBA's existence or at the time this declaratory judgment was filed.

Accordingly, we conclude that AIBA was not an insurance *company, association* or *exchange* within the meaning of Section 605 as it existed prior to the 1992 amendment. Because only the previous version of Section 605 is applicable to the present case, we hold that Agents' are entitled to a declaration that liability is not to be imposed upon them under Section 605 because AIBA was not an insurance entity covered by the IDA.[4]

In view of the foregoing we reach the following dispositions: the Commissioner's motion for summary judgment is granted for the reason that Agents' due process rights were not violated by the Insurance Department's July 22, 1991, letter; and the Agents' cross-motion for summary judgment is granted for the reasons that (1) Agents are entitled to a declaration

employed individuals), or to their beneficiaries, ..." 29 U.S.C. § 1002(40)(A) (1994).

**3.** *See* Agents' Cross–Motion for Summary Judgment, Exhibit A.

**4.** Having determined that AIBA was not an insurance "company, association or exchange" within the meaning of Section 605, we need not address Agents' contention that they were unaware of AIBA's unauthorized status.

that they are not liable to the Commissioner, as Statutory Liquidator of AIBA's estate, for their earned commissions; and (2) Agents' are entitled to a declaration that AIBA was not an insurance company, association or exchange as contemplated by Section 605 of the IDA which was in effect at all applicable and relevant times.[5]

## ORDER

AND NOW, this 11th day of July, 1994, the Insurance Commissioner's motion for summary judgment is granted for the reason that Agents' due process rights were not violated by the Insurance Department's July 22, 1991, letter.

The Petitioners' cross-motion for summary judgment is granted for the reasons that (1) Petitioners are entitled to a declaration that they are not liable to the Commissioner, as Statutory Liquidator of AIBA's estate, for their earned commissions; and (2) Petitioners are entitled to a declaration that AIBA was not an insurance company, association or exchange as contemplated by Section 605 of the IDA which was in effect at all applicable and relevant times.

---

**5.** Having granted Agents declaratory relief that prohibits the Commissioner from collecting Agents' earned commissions or imposing liability on them pursuant to Section 605, we need not address Agents' request for injunctive relief.