Inmates of B-Block and Individually, David Chacko et al., Petitioners *v.* Ronald Marks, Commissioner, Pennsylvania Department of Correction et al., Respondents.

Submitted on briefs, May 11, 1981, to President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT, WILLIAMS, JR., CRAIG, MACPHAIL and PALLADINO.

*Ellen K. Barry,* for petitioners.

*Gregory R. Neuhauser,* Deputy Attorney General, with him *Francis R. Filipi,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

PER CURIAM OPINION, August 26, 1981:

Before us is the preliminary objection of the respondents, the public officials charged with operating the State Correctional Institute at Huntingdon (SCIH), to an action in mandamus filed by a number of inmates of SCIH (petitioners) to compel the respondents to provide the petitioners with at least two hours of daily exercise.

The petitioners aver that they receive only 10 minutes of exercise, three or four days a week, and that this violates Section 1 of the Act of June 14, 1923 (Act), P.L. 775, 61 P.S. §101, which provides:

> Every warden, board of prison managers, prison inspectors, or any other person in authority, in charge of any prison or penitentiary, who may or shall have in charge any person confined therein whether such person be a tried or an untried prisoner, shall provide that such person shall have at least two hours daily, physical exercise in the open, weather permitting, and upon such days on which the weather is inclement, such person shall have two hours, daily, of physical exercise indoors of such prison or penitentiary: Provided, however, The same is safe and practical, and the judges of the several courts are to be the judges thereof.

The petitioners assert that this section places a statutory duty upon the respondents which is enforceable through a writ of mandamus.

The respondents contend that mandamus is inappropriate where a party seeks to compel an official to perform a discretionary act and that the conduct for which mandamus is sought here is within the broad discretion which prison officials have in relation to the internal operations of correctional institutions. *See e.g., Commonwealth ex rel. Bryant v. Hendrick,* 444 Pa. 83, 280 A.2d 110 (1971); *Robson v. Biester,* 53 Pa. Commonwealth Ct. 587, 420 A.2d 9 (1980).

We cannot agree that Section One of the Act, 61 P.S. §101, imposes no duty on prison officials or that it gives them unfettered discretion in providing inmates with exercise time. The plain language of the section requires that prison officials *"shall* provide . . . at least two hours daily physical exercise. . . .'' (Emphasis added.) We believe that such language is mandatory, not directory,[1] and that the petitioners, therefore, have a statutory right to such exercise periods. Moreover, the last sentence of the section specifically provides for judicial review to determine whether or not a decision of the prison officials reducing the amount of exercise time is based upon consideration of safety factors within the institution and the practical needs of the prison system. When the granting or refusal of mandamus comes before the Court, evidence can be submitted and a determination made as to whether or not the provision of the requested exercise period is "safe and practical."

---

[1] Although the word "shall" has sometimes been interpreted to be directory or to allow discretionary acts, *see e.g., Delaware County v. Department of Public Welfare,* 34 Pa. Commonwealth Ct. 165, 383 A.2d 240 (1978), that word is generally considered to be imperative and we belive that such a conclusion reflects the legislative intent of Section One of the Act, 61 P.S. §101. *Scanlon v. Mount Union Area Board of School Directors,* 51 Pa. Commonwealth Ct. 83, 415 A.2d 96 (1980); *In Re: Columbia Borough,* 24 Pa. Commonwealth Ct. 190, 354 A.2d 277 (1976).

424

We believe that a mandamus action is a proper vehicle for this review provided in the statute and we will therefore overrule the preliminary objection of the respondents.

PER CURIAM ORDER

. AND Now, this 26th day of August, 1981, the preliminary objection of the respondents in the above-captioned matter is hereby overruled.