**Roger BUEHL, Petitioner**

**v.**

**Jeffery A. BEARD, Secretary, Pennsylvania Department of Corrections, Paul K. Smeal, Superintendent, State Correctional Institution at Smithfield and Pennsylvania Department of Corrections, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 9, 2011.

Decided Sept. 10, 2012.

---

6. In light of our stated reasons for affirming the trial court's order, we need not address Smith's remaining arguments.

**414**

Jennifer J. Tobin, Philadelphia, for petitioner.

Jaime B. Boyd, Assistant Counsel, Camp Hill, for respondents.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and BROBSON, Judge.

OPINION BY Judge LEAVITT.

Roger Buehl is an inmate at the State Correctional Institution at Smithfield (SCI–Smithfield). Buehl has filed a petition for review with this Court, seeking a writ of mandamus as well as declaratory and injunctive relief. The gravamen of Buehl's action is that the Department of Corrections has failed to provide him and other inmates the physical exercise that is required by statute. The Department, Secretary Beard and Superintendent Smeal (collectively, Department of Corrections) have filed a motion for judgment on the pleadings, and Buehl has filed a cross-motion for judgment on the pleadings. Concluding that there are no material facts in dispute and that Buehl cannot prevail as a matter of law, we grant the Department's motion and deny Buehl's motion.

## Background

Buehl's petition for review is founded on Section 5901 of the Prisons and Parole Code (Prisons Code), 61 Pa.C.S. § 5901,[1] which requires the Department to provide

---

1. Buehl's petition for review, filed on August 19, 2009, cited Sections 1 and 2 of the prior Act of June 14, 1923, P.L. 775, *as amended*, 61 P.S. §§ 101–102, *repealed by* Act of August 11, 2009, P.L. 147, effective October 13, 2009. Section 1 read:

 Every warden, board of prison managers, prison inspectors, or any other person in authority, in charge of any prison or penitentiary, who may or shall have in charge any person confined therein whether such person be a tried or an untried prisoner, shall provide that such person shall have at least two hours daily, physical exercise in the open, weather permitting, and upon such days on which the weather is inclem-

ent, such person shall have two hours, daily, of physical exercise indoors of such prison or penitentiary: *Provided, however, The same is safe and practical, and the judges of the several courts are to be the judges thereof.* Prisoners in segregation or disciplinary status shall receive a minimum of at least one hour of daily exercise five days per week. 61 P.S. § 101 (emphasis added). Section 2 of the pre-codified statute provided that in-cell exercise did not count towards the two hours of mandatory physical exercise. 61 P.S. § 102. Substantively, the codification at 61 Pa.C.S. § 5901 is the same as Sections 1 and 2 of the pre-codified Act, 61 P.S. §§ 101, 102.

Buehl with two hours of daily physical exercise. Section 5901 provides:

(a) **Physical Exercise.—**

(1) A chief administrator who may or shall have in charge any inmate, whether the inmate has been tried or not, *shall provide the inmate with at least two hours of daily physical exercise in the open, weather permitting, and, upon such days on which the weather is inclement, with two hours of daily physical exercise inside of the correctional institution.*

(2) The physical exercise must be safe and practical, and the judges of several courts are to be the judges thereof.

(3) Inmates in segregation or disciplinary status shall receive a minimum of at least one hour of daily exercise five days per week.

(b) **Limitation.—**The physical exercise required by subsection (a) shall not be taken by an inmate within the confines of his cell or room in which the inmate is confined.

(c) **Applicability.—**This section shall not apply to inmates who are confined and not physically able to take the required physical exercise.

61 Pa.C.S. § 5901 (emphasis added). Buehl contends that the Department has not complied with Section 5901, which, in turn, violates his constitutional right to due process and equal protection of the laws.

Specifically, Buehl's petition alleges that the Department regularly cancels outdoor physical exercise at SCI–Smithfield by invoking, without cause, the "inclement weather" exception to outdoor exercise. Petition for Review ¶¶ 17, 18 (Petition ¶ ——). The Department falsifies reports of inclement weather. Petition ¶ 31. The Department then follows this unjustified cancellation of outdoor exercise with a failure to provide indoor exercise in the gym. Petition ¶ 39. The Department does not allow calisthenic exercise in the recreation room when outdoor exercise is cancelled. Buehl challenges the Department's "600 Rule," which allows no more than 600 inmates in the yard at one time and, thus, limits outdoor physical exercise. Petition ¶ 38. Further, the Department does not provide prisoners with an outdoor restroom option during cold-weather months, which forces prisoners inside, thereby surrendering any remaining outdoor exercise time. Petition ¶ 43.

Based on the above allegations, Buehl's petition requests a writ of mandamus to compel the Department (1) to follow its own guidelines defining "inclement" weather when revoking outdoor exercise, (2) to provide him two hours of strenuous indoor physical exercise when outdoor exercise is cancelled, (3) to provide outdoor restrooms and (4) to revoke its 600 Rule. The petition also seeks a declaratory judgment that the Department has violated Section 5901 and an injunction to prevent retaliation from the Department for filing his petition for review.

The Department filed preliminary objections, and Buehl responded with preliminary objections to the Department's preliminary objections. This Court overruled Buehl's preliminary objections and sustained the Department's preliminary objections to Buehl's constitutional claims. *Buehl v. Beard*, (Pa.Cmwlth., No. 435 M.D. 2009, filed December 22, 2010). This Court dismissed the constitutional counts from the petition for review, which were the only counts challenged by the Department's preliminary objections.[2] The De-

---

**2.** The Department made other challenges to the petition for review in its brief, but this Court did not consider them because they were not raised in its preliminary objections. *Buehl v. Beard*, No. 435 M.D.2009, Slip Op. at 5.

partment filed an answer and new matter, which Buehl answered. The Department then filed a motion for judgment on the pleadings, and Buehl responded with his own motion for judgment on the pleadings.

### The Department's Motion for Judgment on the Pleadings

In ruling on a motion for judgment on the pleadings, all of the opposing party's factual allegations must be viewed as true. Only those facts that have been specifically admitted by the opposing party may be considered against it. *Bergdoll v. Kane*, 694 A.2d 1155, 1157 (Pa.Cmwlth. 1997). The court may consider only the pleadings themselves and documents properly attached thereto. *Id.* A grant of a motion for judgment on the pleadings requires that there be no genuine dispute on a material fact and that judgment is clear on the law. *Pennsylvania Association of Life Underwriters v. Foster*, 147 Pa. Cmwlth. 591, 608 A.2d 1099, 1102 (1992).

The parties agree that Section 5901 of the Prisons Code is the controlling statute. Petition ¶ 2; Department's Answer and New Matter ¶ 2 (Answer ¶ ——). They also agree on the following material facts. Two hours of outdoor exercise is scheduled daily, year round and three hours a day, when there is sufficient daylight. Answer ¶ 115; Reply to New Matter ¶ 115 (Reply ¶ ——). Outdoor exercise is cancelled by Department officials when the weather is inclement. Petition ¶¶ 17, 18; Answer ¶¶ 17, 18. The Department's Facility Security guidelines establish factors for determining whether the weather is inclement, and they vest the shift commander with the authority to make the final determination. Answer ¶ 106; Reply ¶ 106. If an inmate goes outside for one hour of yard exercise, that same inmate may go out later for a second or third hour, daylight and weather permitting. Answer ¶ 116; Reply ¶ 116. In "block out" time,

inmates leave their cells but are confined to the cell block; block out time is held when outdoor exercise is cancelled. Petition ¶ 39; Answer ¶ 39. During block out, inmates may not do calisthenic exercises but are free to walk around. Answer ¶ 125; Reply ¶ 125. Indoor exercise in the gym is also available to those inmates who have signed up in advance and when space is available. Answer ¶ 127; Reply ¶ 127.

Given the above-recited undisputed material facts established by the pleadings, we conclude that the Department is entitled to judgment under any of the legal theories advanced by Buehl.

### Mandamus

In his first count, Buehl seeks a writ of mandamus to compel the Department to provide him and other inmates the physical exercise required by the Prisons Code. Mandamus is an extraordinary writ that compels performance of a ministerial act or mandatory duty where there exists: (1) a clear legal right in the petitioner; (2) a corresponding duty in the respondent; and (3) an absence of any other adequate and appropriate remedy. *Wilson v. Pennsylvania Board of Probation and Parole*, 942 A.2d 270, 272 (Pa.Cmwlth.2008). Mandamus is appropriate only to enforce established rights; it is not available to establish legal rights. *Id.* Further, a court may not direct the manner in which an official performs a discretionary function. *Mazin v. Bureau of Professional and Occupational Affairs*, 950 A.2d 382, 390 (Pa. Cmwlth.2008).

Section 5901 of the Prisons Code requires that the physical exercise in prisons "must be safe and practical, and the judges of several courts are to be the judges thereof." 61 Pa.C.S. § 5901. In *Inmates of B–Block v. Marks*, 61 Pa.Cmwlth. 421, 434 A.2d 211, 212 (Pa.Cmwlth.1981), this Court reviewed this language in its pre-

codified version, which is substantively identical to the current codified version. The inmates had instituted an action in mandamus to compel the superintendent to provide them two hours of daily exercise, alleging that they received only 10 minutes of exercise, three days a week. The public official defendants filed preliminary objections, arguing that the decision to allow exercise is discretionary and cannot be compelled by mandamus. This Court overruled the preliminary objections. We did so because the Prisons Code requires the courts to "judge" when physical exercise is "safe and practical." 61 Pa.C.S. § 5901. We held that a mandamus action is the vehicle by which to review whether physical exercise in a state prison is safe and practical.

■ In so holding, we did not explain which of the time-honored principles of mandamus govern a Section 5901 proceeding. One such principle holds that mandamus does not lie where there exists a statutory remedy. *Wilson,* 942 A.2d at 272. Obviously, that principle does not fit here because there is a statutory remedy, *i.e.,* the opportunity to have judges decide whether exercise is safe and practical. It is also the case, given our holding in *Inmates of B–Block,* that the Department's exercise of discretion is not beyond a Section 5901 review, as is the case for mandamus. *Inmates of B–Block,* 434 A.2d at 212. In short, the usual principles of mandamus do not apply in a Section 5901 proceeding. Indeed, it may be preferable to consider a Section 5901 proceeding as a unique statutory proceeding without regard to mandamus. The scope and limits of such a proceeding are those set by the legislature in Section 5901 and not by the common law of mandamus.

Physical exercise "must be safe and practical." 61 Pa.C.S. § 5901(a)(2). This is the only question subject to judicial review. It is not a remedy available only to inmates, but also to prison administrators. For example, a particular institution may develop structural problems or overcrowding to such an extent that the chief administrator may find it necessary to terminate all physical exercise. In that case, the administrator may seek court approval of his decision to end exercise in a Section 5901 proceeding.

■ It does not follow that a "safe and practical" review permits the courts to review each decision of the chief administrator with respect to physical exercise on a particular day. Indeed, it is well-established that prison administrators must be afforded wide-ranging deference in adopting and carrying out policies that in their reasonable judgment are necessary to preserve order, discipline, and security. *De-Hart v. Horn,* 694 A.2d 16, 19 n. 9 (Pa. Cmwlth.1997) (citing *Bell v. Wolfish,* 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Peterkin v. Jeffes,* 855 F.2d 1021, 1032 (3rd Cir.1988)). The inclusion of a weather exception evidences the legislature's intent that the chief administrator retains substantial discretion with respect to physical exercise in the prison on any given day. *See Commonwealth ex rel. Bryant v. Hendrick,* 444 Pa. 83, 90, 280 A.2d 110, 113 (1971) (stating that courts should generally not interfere with the internal operations of correctional facilities); *Robson v. Biester,* 53 Pa.Cmwlth. 587, 420 A.2d 9, 12 (1980) ("[T]he operation of correctional facilities is peculiarly within the province of the legislative and executive branches of the government and not the judicial branch.").

■ Under Section 5901, the chief administrator must provide each inmate two hours of physical exercise each day, unless the inmate meets one of the exceptions, such as not being capable of exercise or by being in "segregation or disciplinary sta-

tus." 61 Pa.C.S. § 5901(a)(3). Buehl does not assert that inmates are not afforded two hours of exercise but, rather, he challenges the place and quality of that exercise. However, where the two hours of exercise takes place is committed to the chief administrator's discretion and depends upon the weather. Revisiting a weather determination on a given day is beyond the Section 5901 "safe and practical" remedy. Because weather determinations require the exercise of discretion, they are also beyond the reach of a common law action in mandamus. It is impractical in any case. By the time the matter reaches the court, the weather, and perhaps even the climate, has changed. It is not for the courts to decide whether the weather is very inclement or slightly inclement, and we reject Buehl's effort to engage the Court in such determinations. Such an inquiry is beyond common law mandamus and beyond the "safe and practical" judicial review contemplated in Section 5901.

In any case, the pleadings do not establish the Department's misuse of the inclement weather exception to outdoor exercise. Buehl's claim that Department officials are falsifying weather reports to justify cancellation of outdoor exercise is contradicted by his own documents. In his grievances with the prison administration, Buehl attached weather reports from a nearby weather station that were printed from the internet, and they confirm inclement weather on the days he claims the weather was clear. Petition, Exhibit A ("summer showers"), Exhibit B ("intermittent drizzle"), Exhibit G ("temperatures were in the high 50s and light precipitation"), Exhibit H ("drizzle/mist"), Exhibit I ("foggy"). Simply put, Buehl's documents establish that the weather was inclement on the days in question. Buehl may believe that the weather was not suf-

ficiently inclement to cancel outdoor exercise, but the Court cannot review the chief administrator's exercise of discretion in this regard.

In addition, the pleadings and attached documents demonstrate that during block out time inmates are provided with indoor exercise as required by the Prisons Code. Buehl and the Department agree that inmates are able to move and walk during block out. Buehl argues that moving and walking do not qualify as exercise, but the Department observes that walking is a form of exercise. In *Austin v. Guarini*, No. 95–5447, 1997 WL 47566 (E.D.Pa. Feb. 3, 1997), an unreported case, the Federal District Court aptly explained that Pennsylvania's Prisons Code

> reflects the importance of exercise … however, [it] does not require that a prison permit inmates to use elaborate exercise equipment or facilities. Instead, the prison need only afford inmates the opportunity to leave their cells and exercise.

*Id.* at *4 (internal citations omitted). We agree. Section 5901 does not define "physical exercise" or require more than moving and walking, which Buehl acknowledges is permitted. Buehl may desire more meaningful exercise, but it is not required by statute.

The Department concedes that the 600 Rule can, on occasion, prevent inmates from receiving their two hours of outdoor exercise in a single two-hour period. However, because yard is scheduled for two or three times each day, inmates have the opportunity to receive two hours total of outdoor exercise. Exercise may start late and end early, but only, according to the Department, when security requires this change because of fights or searches. Answer ¶ 123. Buehl does not challenge that assertion of the Department. Reply ¶ 123. The point is that even when out-

door exercise is curtailed by the 600 Rule, inmates are still permitted exercise in block out. The lack of outdoor restrooms is a red herring. There is no requirement that outdoor areas have restroom facilities, and Buehl is free to use the restroom prior to going outside.

The pleadings establish that Buehl receives two hours of physical exercise outside unless the weather is inclement, which satisfies the requirements of Section 5901. The legislature did not provide quality standards for indoor exercise. The degree of wet weather is committed to the chief administrator's discretion. In short, the pleadings establish the Department's compliance with Section 5901, which entitles it to a judgment denying Buehl's request for a writ of mandamus.

### Declaratory Relief

Buehl also seeks a declaration by this Court that the Department's handling of exercise violates Section 5901 of the Prisons Code. Essentially, this count is redundant of the mandamus count.

 Section 7533 of the Declaratory Judgments Act provides that any person with rights under a statute may have a court establish the meaning of that statute and the individual's rights thereunder. 42 Pa.C.S. § 7533.[3] To sustain a declaratory judgment action, the plaintiff "must demonstrate an 'actual controversy' indicating imminent and inevitable litigation, and a direct, substantial and present interest." *Unified Sportsmen of Pennsylvania v.*

*Pennsylvania Game Commission,* 950 A.2d 1120, 1132 (Pa.Cmwlth.2008). Absent an "actual controversy," any opinion rendered would be advisory, and we do not issue advisory opinions. *Rendell v. Pennsylvania State Ethics Commission,* 938 A.2d 554, 559 (Pa.Cmwlth.2007). Courts should refuse to grant declaratory relief where it would not resolve the uncertainty or controversy which spurred the request. *Id.*

Our resolution of Buehl's mandamus count resolves his count for declaratory relief. The Department's cancellation of outdoor exercise based on inclement weather, its use of the 600 Rule and its providing block out for indoor exercise do not violate the Prisons Code. Accordingly, we reject Buehl's claim for declaratory relief based on our analysis above, and grant judgment to the Department.

### Injunctive Relief

 Finally, Buehl seeks a permanent injunction prohibiting the Department from retaliating against Buehl or against any inmate who provides evidence or testimony in support of Buehl's claims.

 To prevail in an action for injunction, a party must establish that his right to relief is clear, that an injunction is necessary to avoid an injury that cannot be compensated by damages, and that greater injury will result from refusing rather than granting the relief requested. *Harding v. Stickman,* 823 A.2d 1110, 1111 (Pa. Cmwlth.2003). A court may not grant injunctive relief where an adequate remedy

**3.** Section 7533 of the Declaratory Judgments Act states:
 Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or

 franchise, and obtain a declaration of rights, status, or other legal relations thereunder.
 42 Pa.C.S. § 7533. "The Declaratory Judgments Act is remedial in nature and its purpose is to provide relief from uncertainty and establish various legal relationships." *Curtis v. Cleland,* 122 Pa.Cmwlth. 328, 552 A.2d 316, 318 (1988).

exists at law. *Id.* Further, injunctive relief is not available to eliminate a remote possible future injury or invasion of rights. *Jamal v. Department of Corrections,* 121 Pa.Cmwlth. 42, 549 A.2d 1369, 1371 (1988).

Because the petition's request for injunction is based on speculation that prison officials may retaliate against Buehl or other inmates, there is no relief to be had in the form of an injunction. In a prior case involving the same parties, *Buehl v. Horn,* 761 A.2d 1247 (Pa.Cmwlth.2000), we rejected Buehl's allegation that prison officials took retaliatory action by removing typewriters from the prison's law library. We granted summary judgment to the Department because Buehl had failed to establish a causal relationship between the removal of the typewriters and the filing of the federal lawsuit. The present case is clearer. Buehl does not allege any actual retaliation, only a fear of such.

Judgment on the pleadings is appropriate. We reject Buehl's request for a permanent injunction to prevent retaliation by prison officials and grant judgment to the Department.

### Conclusion

For the foregoing reasons, we grant the Department's motion for judgment on the pleadings and deny Buehl's cross-motion for judgment on the pleadings.

### *ORDER*

AND NOW, this 10th day of September, 2012, Respondents' motion for judgment on the pleadings as to Petitioner's request for mandamus, declaratory relief and permanent injunctive relief is hereby GRANTED. Petitioner's cross-motion for judgment on the pleadings is hereby DENIED.