# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Alexander, : 
　　　　　　　Appellant : 
　　　　　　　　　　　　　 : 
　　　　v. : No. 870 C.D. 2016
　　　　　　　　　　　　　 : Submitted: December 16, 2016
Corrections Officer Volkert, : 
Tracy Brokenshire, Mailroom : 
Supervisor, Nancy Wilson, Business : 
Manager SCI Coal Township, : 
Keri Moore, Deputy Grievance : 
Officer, Dorina Varner, Chief : 
Grievance Officer, Vincent Mooney, : 
Superintendent : 


BEFORE: 　HONORABLE P. KEVIN BROBSON, Judge
　　　　　　HONORABLE MICHAEL H. WOJCIK, Judge
　　　　　　HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON** 　　　　　　　　**FILED:　April 20, 2017**


Appellant Keith Alexander (Appellant) appeals from an order of the Court of Common Pleas of Northumberland County (trial court), denying his petition to proceed *in forma pauperis* and dismissing his complaint as frivolous. For the reasons that follow, we affirm on alternative grounds.

At all times relevant to the instant matter, Appellant was an inmate incarcerated at the State Correctional Institution at Coal Township (SCI-Coal Township). In his complaint, Appellant named several officers and employees of SCI-Coal as Defendants: Corrections Officer Volkert, Mailroom Supervisor Tracy Brokenshire, Business Manager Nancy Wilson, Deputy

Grievance Officer Keri Moore, Chief Grievance Officer Dorina Varner, and Superintendent Vincent Mooney (collectively, Appellees). Appellant seeks money damages, alleging that Appellees violated his constitutional rights by refusing or failing to deliver his legal mail. The facts of this case are somewhat intertwined with a prior action filed on December 4, 2015, by Appellant in this Court, which we dismissed. *Alexander v. Dunkelberger*, (Pa. Cmwlth., No. 563 M.D. 2015, filed June 15, 2016) (*Alexander I*). In *Alexander I*, Appellant alleged that the Northumberland County Clerk of Courts (Clerk of Courts) had refused to file his civil complaint, dated October 7, 2015, which he attached as an exhibit to his December 4, 2015 complaint filed with this Court.

On June 15, 2016, we issued an order dismissing Appellant's complaint in *Alexander I*. In the June 15, 2016 order, we noted that we had received an appeal from a May 4, 2016 order of the trial court—*i.e.*, the appeal now before this Court—apparently dismissing the October 7, 2015 complaint, which Appellant alleged the Clerk of Courts had refused to file. Accordingly, we dismissed Appellant's complaint against the Clerk of Courts as moot. On June 29, 2016, Appellant filed a motion for reconsideration. On July 12, 2016, we issued an order denying Appellant's motion for reconsideration and noting that the motion lacked a certificate of service.

With regard to the matter now before this Court, an examination of the certified record on appeal indicates that, on March 31, 2016, Appellant apparently re-filed his October 7, 2015 complaint, including a civil cover sheet and

2

a praecipe to proceed *in forma pauperis*.[1]  By order dated May 4, 2016, the trial court, apparently construing Appellant's complaint filed on March 31, 2016, as an amended complaint, dismissed Appellant's complaint pursuant to Pa. R.C.P. No. 240(j)(1) as a frivolous action that lacks an arguable basis in law.[2]  On May 16, 2016, Appellant filed a notice of appeal from the trial court's May 4, 2016 order.  In accordance with Pa. R.A.P. 905(a)(4),[3] the Chief Clerk of this Court transmitted the filing, stamped with the date of receipt, to the trial court with instruction to process the document in accordance with Pa. R.A.P. 905(a)(4).  By order dated July 22, 2016, the trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to

---

[1] It appears that the Clerk of Courts had originally refused to file the October 7, 2015 complaint because it failed to conform to several administrative filing requirements including failure to attach a civil cover sheet and failure to pay the filing fee or attach a praecipe to proceed *in forma pauperis*.

[2] Pennsylvania Rule of Civil Procedure No. 240 (j)(1) provides, in pertinent part:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

> Note: A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

[3] Pennsylvania Rule of Appellate Procedure 905(a)(4) provides, in pertinent part:

> If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed.

Pa. R.A.P. 1925(b), within 21 days of the date of the order. On August 3, 2016, Appellant *served* his concise statement on the *trial judge*. Appellant did not *file* his concise statement with the *trial court*. On August 8, 2016, Appellant filed a document in this Court, titled "motion to alert the Honorable Court of status of the amended complaint that's a part of [this case]." As an attachment to that filing, Appellant included a copy of the concise statement served on the trial judge. In his concise statement, Appellant essentially alleges that the trial court erred in dismissing his "claims of fraud and embezzlement by state correction officials" and "violations of his United States Constitutional First Amendment rights, and Article 1, Section 20 of the Pennsylvania Constitution where the above Defendants failed to deliver his outgoing legal mail," and "new matter in which additional defendants were named who indeed retaliated against Appellant for filing his complaint by entering his cell and removing other [legal] documents."

The trial court, in response to the concise statement served on the trial judge, filed a statement in lieu of formal opinion. In its statement, the trial court notes that Appellant's complaint did not allege claims of fraud, embezzlement, or retaliation, as noted in Appellant's concise statement. The trial court, citing *Buehl v. Beard*, 54 A.3d 412, 417 (Pa. Cmwlth. 2012), *aff'd*, 91 A.3d 100 (Pa. 2014), additionally states that Appellant's claim that SCI-Coal Township failed to deliver his legal mail was properly dismissed as frivolous because "the day-to-to operations of a state correctional institution are matters with which the courts will not interfere." (Certified Record (C.R.) at 8.) The trial court, therefore, urges this Court to quash the instant appeal.

On appeal, Appellant argues that the trial court erred in dismissing his complaint as frivolous and lacking in merit pursuant to Pa. R.C.P. No. 240(j)(1).

4

We need not reach the merits of Appellant's claims because the record demonstrates that he failed to properly file his statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). Although not argued by Appellees, it is well-settled that this Court may dismiss an appeal *sua sponte* based on an appellant's failure to properly preserve issues for appellate review. *Gibraltar Rock, Inc. v. New Hanover Twp.*, 118 A.3d 461, 464 (Pa. Cmwlth.), *appeal denied*, 128 A.3d 222 (Pa. 2015). Pa. R.A.P. 1925(b) provides that, upon receipt of a notice of appeal, the trial court may order an appellant to file of record a concise statement of errors complained of on appeal. The trial court must allow the appellant at least twenty-one days from the date of the order's entry for filing and service of the statement. Upon application of the appellant, the trial court may extend this deadline or allow a statement to be filed *nunc pro tunc*. The order must include:

> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement; (ii) that the Statement shall be filed of record; (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1); [and] (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa. R.A.P. 1925(b)(3).[4] If the trial court orders an appellant to file a concise statement of errors complained of on appeal, the appellant must file the statement within 21 days of the date of the order unless the trial court allows the appellant additional time to file. *In re Clinton Cnty. Tax Claims Bureau Consol. Return for*

---

[4] The trial court's July 22, 2016 order complied with all requirements set forth in Pa. R.A.P. 1925(b)(3).

5

*Sale of September 24, 2012*, 109 A.3d 331, 334 (Pa. Cmwlth. 2015). Failure to comply with the trial court's order will result in waiver of all issues raised on appeal. *Id.*[5]

Although Appellant *served* his order on the *trial judge* and the trial judge issued a responsive statement, Appellant failed to conform to the requirements of Pa. R.A.P. 1925(b)(3), because he failed to *file* the statement with the *trial court*. Appellant's concise statement has been made part of the record on appeal by virtue of its attachment as an exhibit to Appellant's August 8, 2016 motion to this Court. Accordingly, because Appellant failed to comply with the trial court's order and the requirements of Pa. R.A.P. 1925(b), all issues on appeal are deemed waived.[6]

For the reasons discussed above, we affirm the order of the trial court.

_____
P. KEVIN BROBSON, Judge

---

[5] We do not dismiss Appellant's appeal because the concise statement was untimely filed, but rather because it was never properly filed with the trial court.

[6] Because all issues on appeal are deemed waived, we do not express an opinion on the merits of Appellant's claims.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Alexander,               :
           Appellant   :
                        :
        v.             :   No. 870 C.D. 2016
                        :
Corrections Officer Volkert,  :
Tracy Brokenshire, Mailroom  :
Supervisor, Nancy Wilson, Business  :
Manager SCI Coal Township,  :
Keri Moore, Deputy Grievance  :
Officer, Dorina Varner, Chief  :
Grievance Officer, Vincent Mooney,  :
Superintendent  :

# O R D E R

AND NOW, this 20th day of April, 2017, the order of the Court of Common Pleas of Northumberland County, dismissing Appellant's complaint, is hereby AFFIRMED on alternative grounds.

_____
P. KEVIN BROBSON, Judge