# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Williams,                               :
                    Petitioner               :
                                             :   No.  31 M.D. 2017
          v.                                 :
                                             :   Submitted:  June 2, 2017
Pa. Dept. of Corr's, et al., at              :
SCI-Forest, Medical Depart.,                 :
and Security Office,                         :
                    Respondents              :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED:  September 5, 2017


Before this Court in our original jurisdiction are the preliminary objections filed by the Department of Corrections (Department) to the petition for review (Petition) filed by Kevin Williams, a/k/a Kirby Stewart (hereafter, Williams). We sustain the Department's objections and dismiss Williams' Petition.


## Background

On January 26, 2017, Williams, an inmate at the State Correctional Institution at Forest (SCI-Forest), filed his Petition against the Department, asking this Court to compel the Department to order MRIs for his shoulder and knees, return confiscated personal items, and change his living arrangements.  (Petition, ¶11-14.)

Specifically, Williams averred that on October 8, 2014, he went to the medical unit in SCI-Forest complaining of problems with his knees, including a "popping" sound when he climbed up to his top bunk. (Petition, ¶5.) The physician ordered an x-ray of Williams' knees, and, upon review of the x-rays, determined that there were no significant findings. *Id.* Williams wrote several request slips challenging the medical unit's examination of his knees. *Id.* The medical unit gave Williams ibuprofen for his knees. However, Williams was dissatisfied and filed an internal grievance seeking an examination by a specialist, an MRI, or a CAT scan, all of which were denied by the Department. *Id.*

On October 23, 2015, Williams returned to the medical unit and sought an examination of his left shoulder. (Petition, ¶8.) Williams told the medical staff that his left shoulder makes "clicking" noises when he moved it around. *Id.* The medical staff examined his shoulder, and, as Williams alleges, told him he "probably [has] arthritis." *Id.* Williams maintains that the word "probably" tells him that the medical staff at SCI-Forest does not know what is wrong with his shoulder; therefore, he wants a second opinion. *Id.* Williams filed another internal grievance pertaining to the medical treatment he received in relation to his left shoulder. The grievance was denied by the Department. *Id.*

Williams now asks this Court to compel the Department to order MRIs for his knees and shoulder, give him permanent bottom bunk status, and provide him with pain medication. (Petition, ¶¶11, 13.)

Additionally, Williams asks this Court to compel the Department to return to him various personal items that were confiscated while he was in the Restricted Housing Unit (RHU). (Petition, ¶6.) Williams alleges that, on April 30, 2015, he was taken to the RHU in response to an investigation with his cellmate. *Id.*

2

During his time in the RHU, Williams filed two grievances—one grievance concerning his confinement in the RHU and another relating to items that were confiscated during a cell search. *Id.* Both grievances were denied by the Department. *Id.*

Further, Williams asks this Court to compel the Department to alter his housing arrangement. (Petition, ¶¶9-10.) Specifically, Williams is unhappy that his cellmate smokes cigarettes. *Id.* at ¶9. Williams is not a smoker and does not want to endure secondhand smoke. *Id.* Williams states that, since his incarceration in 2000, he has only had four cellmates that did not smoke cigarettes. *Id.* Williams avers that he has a right to be in a smoke-free environment. *Id.* at ¶10. He maintains that unless he is given a single cell, he will always be subjected to secondhand smoke. *Id.* Williams filed internal grievances about the smoke in his cell and asked for a single cell. *Id.* The Department denied his grievances and request for a single cell. *Id.* at ¶9.

On January 26, 2017, Williams filed the present Petition against the Department. (Petition, ¶1.) On April 25, 2017, the Department filed preliminary objections in the nature of a demurrer.[1] The Department noted that, while Williams does not expressly state whether his Petition is in the nature of a mandamus, based on the relief that Williams is requesting, the Department is responding as such. (Preliminary Objections, at 4.) However, the Department avers that mandamus is not appropriate to address Williams' claims against the Department. *Id.* at 6. Rather, the

---

[1] In ruling on preliminary objections in the nature of a demurrer, this Court must accept as true all well-pleaded material facts and all inferences reasonably deducible therefrom. *Barndt v. Pennsylvania Department of Corrections,* 902 A.2d 589, 592 (Pa. Cmwlth. 2006). However, this Court is not required to accept as true "conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion." *Silo v. Ridge,* 728 A.2d 394, 398 (Pa. Cmwlth. 1999) (*citing Giffin v. Chronister,* 616 A.2d 1070, 1072 (Pa. Cmwlth. 1992)).

Department argues that issues relating to medical challenges, confiscation of personal items, and housing arrangements are best left to the discretion of Department personnel with the professional expertise. *Id.* at 7. Accordingly, the Department maintains that Williams' Petition should be dismissed. *Id.* at 8.

After the Department filed its preliminary objections, Williams filed a brief in opposition. In his brief, Williams maintains that, by not ordering MRIs and pain medication, the Department is acting deliberately indifferent to his medical needs. (Petitioner's Brief at 5.) He further contends that the Department violated his due process rights by confiscating his personal items. *Id.* at 6. Finally, Williams avers that he has a "right to be in a smoke-free environment." *Id.* at 8.

**Discussion**

First, we must determine the nature of Williams' action. While Williams does not state whether this is a mandamus action, the Department is correct that it must be treated as such based on the relief requested. *See Kretchmar v. Department of Corrections,* 831 A.2d 793, 797 (Pa. Cmwlth. 2003) (where inmate sought to compel the Department to provide him with specific medication, his action was in the nature of mandamus). Williams asks this Court to compel the Department, a governmental agency, to take specific action by ordering MRIs, providing him with pain medication, returning certain personal items, and altering his housing situation. Accordingly, it is clear from Williams' Petition that he is seeking a writ of mandamus; therefore, we will treat this action as such.

Initially, we note that "[m]andamus is an extraordinary writ that compels performance of a ministerial act or mandatory duty where there exists: (1) a clear legal right in the petitioner; (2) a corresponding duty in the respondent; and (3) an

absence of any other adequate and appropriate remedy." *Buehl v. Beard,* 54 A.3d 412, 416 (Pa. Cmwlth. 2012). Mandamus is only used to protect rights that are already established and cannot be used as the basis to establish rights. *Id.* Further, a court cannot "direct the manner in which an official performs a discretionary function." *Id.* As the Supreme Court explained:

> *The writ cannot be used* to control the exercise of discretion or judgment by a public official or administrative or judicial tribunal; *to review or compel the undoing of an action taken by such an official* or tribunal in good faith and in the exercise of legitimate jurisdiction, even though the decision was wrong; to influence or coerce a particular determination of the issue involved; or to perform the function of an appeal or writ of error.

*Pennsylvania Dental Association v. Insurance Department,* 516 A.2d 647, 652 (Pa. 1986) (emphasis added).


## Medical Treatment

Williams maintains that the Department has violated his right to medical treatment under the Eighth Amendment by being deliberately indifferent to his proscribed medical needs. The Department avers that Williams' challenge to the adequacy of the medical treatment does not rise to the level of deliberate indifference. (Preliminary Objections at 11.)

The Eighth Amendment, in relevant part, prohibits the infliction of "cruel and unusual punishment." U.S. CONST. amend. VIII. The United States Supreme Court has interpreted this Amendment to mean that inmates are required to receive adequate medical care. *See Estelle v. Gamble,* 429 U.S. 97, 103-05 (1976) (citing U.S. CONST. amend. VIII). Specifically, the United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the

'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Id.* at 104 (internal citations omitted).

In *Estelle v. Gamble,* an inmate instituted a civil action against prison officials, including the chief medical officer, alleging that the prison officials violated the cruel and unusual punishment clause of the Eighth Amendment by not providing proper medical treatment after the inmate injured his back while fulfilling a prison work assignment. 429 U.S. at 98. Within a three-month period, the inmate was treated by the medical staff on seventeen occasions. *Id.* at 107. The medical staff diagnosed the inmate's injury as a lower back strain and ordered bed rest, muscle relaxants, and pain relievers. *Id.* However, the inmate maintained that more should have been done, including the taking of x-rays. *Id.* The United States Supreme Court determined that the medical professionals' decision to not order "an x-ray, or like measures, does not represent cruel and unusual punishment." *Id.*

The deliberate indifference standard of the Eighth Amendment contains an objective element and a subjective element. *See Kretchmar*, 831 A.2d at 798. The objective element is met when the deprivation suffered by the inmate is "objectively, 'sufficiently serious. . . .'" *Id.* (quoting *Framer v. Brennan,* 511 U.S. 825, 834 (1994)). As the United States Supreme Court held, to be sufficiently serious, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Framer,* 511 U.S. at 834 (internal quotation marks omitted). The subjective element of a deliberate indifference claim requires prison personnel to have acted with a "sufficiently culpable state of mind." *Id.* (internal quotation marks omitted). A prison official cannot be found liable for deliberate indifference unless "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference

6

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

However, courts will not find deliberate indifference when an inmate receives medical attention, but simply disagrees with the medical professionals' course of treatment. *See Baez v. Department of Corrections* (Pa. Cmwlth., No. 311 M.D. 2013, slip op. at 4, filed March 18, 2014). In *Baez*, an inmate diagnosed with systemic lupus erythematosus filed a petition asking this Court to compel the Department of Corrections to send him to a gastroenterologist and a chronic pain specialist. *Id.*, slip op. at 1. The inmate alleged that the Department's refusal to send him to these specialists amounted to deliberate indifference. *Id.* This Court opined that the deliberate indifference test gives great deference to prison medical authorities and their professional course of treatment for the inmates. *Id.*, slip op. at 3. While the inmate did receive extensive medical treatment, the inmate was "attempting to mandate a particular course of treatment." *Id.*, slip op. at 4. Accordingly, this Court held that the inmate's challenge to the adequacy of the medical treatment that he received within the prison did not rise to the level of deliberate indifference. *Id.*

Here, Williams does not allege that he was not seen by medical staff. Instead, he maintains that the physicians who examined him did not prescribe an appropriate course of treatment. Williams was seen by physicians within SCI-Forest on multiple occasions for his knees and shoulders. During his first visit to the medical unit, the physician ordered an x-ray on Williams' knees. After the physician examined the x-ray, he found that there were no abnormalities; however, Williams disagreed with the physician's medical findings. Later, when Williams went to the medical unit again, the staff determined that no further x-rays were needed, and that

Williams most likely had arthritis, a determination with which Williams was dissatisfied.

Williams has been treated for the pain in his shoulders and knees; however, he is attempting to dictate his own course of treatment. Courts will repudiate any attempts to undermine or question the adequacy of treatment conducted by medical professionals which "remains a question of sound professional judgment." *Kretchmar,* 831 A.2d at 799 (internal quotation marks omitted) (opining that an inmate's denial for specific allergy medication was best left in the sound professional judgment of medical professionals). Williams' course of treatment involved examinations by physicians in SCI-Forest and diagnostic tests, including x-rays. Williams' complaint goes to the adequacy of the treatment he received, which remains a question of sound professional judgment.

As a matter of law, Williams cannot show that he has a clear right to the relief he requests. Accordingly, the fact that the Department did not follow the course of treatment that Williams advances as appropriate does not rise to the level of an issuance of a writ of mandamus.

**Right to Smoke-Free Environment**

Next, Williams asks this Court to compel the Department to move him to a single cell because his current cellmate smokes between 35 and 40 cigarettes a day. Williams maintains that he has a right to be in a smoke-free environment, and that he will only have a smoke-free environment if he does not have a cellmate. (Petition, ¶10.)

The Department avers that the Eighth Amendment neither requires that inmates live in a single cell nor provides an inmate with the right to choose his cell

8

accommodations. (Preliminary Objections, at 14.) The Department states that courts should be hesitant to interfere with "the orderly administration of the state prison system and should give broad deference to prison officials in running prisons." (Brief for Respondents, at 13) (citing to *Sandin v. Conner*, 515 U.S. 472, 482 (1995); *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). Further, the Department notes that prison personnel have broad discretion in deciding the housing arrangements for inmates. Ultimately, the Department maintains that SCI-Forest personnel determined that Williams needs a cellmate, and this Court "should not substitute [its] judgment for that of the [Department's]." (Preliminary Objections, at 14.)

Williams maintains that he has a right to be in a smoke-free environment. However, Williams does not cite, and our research has not discovered, any case law expressing an explicit right to be in a smoke-free environment. Notwithstanding, a cause of action does exist under the Eighth Amendment when an inmate alleges that "prison officials have exposed him with deliberate indifference to levels of [environmental tobacco smoke] that pose an unreasonable risk of harm to his future health." *Johnson v. Lightcap*, (Pa. Cmwlth., No. 467 C.D. 2008, filed July 11, 2008) (citing *Helling v. McKinney,* 509 U.S. 25, 34-35 (1993)).

In order to state a claim under the Eighth Amendment for deliberate indifference to environmental tobacco smoke (ETS) exposure, an inmate must satisfy the two-part test set forth in *Helling*. First, the inmate must prove that he was exposed to "unreasonably high levels of ETS." *Helling*, 509 U.S. at 35. In determining whether the levels of ETS are unreasonably high, the court must inquire "into the seriousness of the potential harm and the likelihood that such an injury to health will actually be caused by exposure to ETS." *Id.* at 36. Additionally, a court will also consider whether society would consider the risk of harm due to ETS smoke

9

so grave "that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Id.*

In his Petition, Williams failed to aver any facts regarding his level of exposure to the ETS, any current or long-term health problems related to this exposure, or how this exposure violates contemporary standards of decency. While this Court understands the generalized health risks of second-hand smoke, Williams has not presented sufficient information to allow this Court to determine whether the Department is violating the Eighth Amendment by failing to provide Williams with a single cell.

This Court finds that there is no clear right to issue a writ of mandamus here due to the lack of information provided by Williams, in conjunction with the Department's broad discretion in housing arrangements.[2]

## Due Process

Williams alleges that the Department personnel confiscated photographs, a Panasonic Walkman, Sony earbuds, a headphone extension wire, Ray Ban sunglasses, and food items from his cell. (Petition, ¶6.) After Williams' items were confiscated, he filed grievances within SCI-Forest to have his items returned. The Security Office provided Williams with a list of confiscated items but determined that Williams could not repossess these items while he was incarcerated due to Department policy. Williams maintains that the Department deprived him of his personal property. Further, Williams avers that there is "no post deprivation remedy"

---

[2] Williams also alleges that the Department tampered with his mail as well as confiscated legal paperwork; however, he does not elaborate on either one of these accusations. Accordingly, this Court cannot properly evaluate the cause of action or the remedy due, if any.

in the prison "because every grievance is in favor of [the Department]. . . ." (Petitioner's Brief at 6.)

The Department avers that Williams does not have an absolute right to all of the confiscated items because prisons can limit the type and quantity of items an inmate can possess. (Preliminary Objections at 12.)

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Nevertheless, courts have repeatedly held that the internal prison grievance system is an adequate post-deprivation remedy under the due process clause. *See Tillman v. Lebanon County Correctional Facility,* 221 F.3d 410, 422 (3d Cir. 2000). An inmate's dismay at the outcome of the grievance process does not render the process inadequate. Further, "[r]easonable prison regulations regarding the quantity and type of property that inmates may possess do not violate due process guarantees." *Small v. Horn*, 722 A.2d 664, 671 (Pa. 1998). *See Bell,* 441 U.S. at 554 (noting that prisoners' due process rights with respect to possession of property are not absolute, but are "subject to reasonable limitation or retraction in light of the legitimate security concerns of the institution").

After Williams was denied access to the items that were taken from his cell, Williams utilized the prison grievance system to contest the confiscation. The Department's internal grievance system is an adequate post-deprivation remedy. Accordingly, Williams has not stated a clear right to possess the confiscated items; therefore, an issuance of a writ of mandamus is not proper.

11

## Conclusion

For the foregoing reasons, we sustain the Department's preliminary objections and dismiss Williams' Petition.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Williams, :
               Petitioner :
               : No. 31 M.D. 2017
        v. :
               :
Pa. Dept. of Corr's, et al., at :
SCI-Forest, Medical Depart., :
and Security Office, :
            Respondents :

## ***ORDER***

AND NOW, this 5th day of September, 2017, the preliminary objections filed by the Department of Corrections are hereby sustained and the petition for review filed by Kevin Williams, a/k/a Kirby Stewart, is dismissed.

_____
PATRICIA A. McCULLOUGH, Judge