## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard D. Beaver,            :
           Petitioner       :
       :
       v.                :
       :
John Wetzel, Secretary, Pennsylvania : 
Department of Corrections, and      :
Melinda Adams, Superintendant,[1]    :
SCI-Mercer, and Rhonda Jolley,      :
Inmate Accounts, SCI-Mercer,       :     No. 674 M.D. 2018
           Respondents    :     Submitted: October 4, 2019

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: December 6, 2019

Before this Court are the preliminary objections in the nature of a demurrer (Preliminary Objections) filed by the Pennsylvania Department of Corrections (Department) Secretary John Wetzel (Wetzel), State Correctional Institution at Mercer's (SCI-Mercer) Superintendent Melissa Adams (Adams), and SCI-Mercer's inmate accountant Rhonda Jolley (Jolley) (collectively, DOC) to Richard D. Beaver's (Beaver) pro se amended petition for review (Amended Petition) filed in this Court's original jurisdiction. After review, we sustain the Preliminary Objections and dismiss the Amended Petition.

---

[1] Superintendent is misspelled in Richard D. Beaver's complaint caption.

By August 14, 2018 order, the Trumbull County, Ohio, Child Support Enforcement Agency (CSEA) directed SCI-Mercer to withhold money from Beaver's inmate account to satisfy child support arrearages. *See* Amended Petition Ex. B. By August 20, 2018 order, the Allegheny County Common Pleas Court (Allegheny County) directed:

> At the request of the state of Ohio, the arrears only order is removed from the [Pennsylvania Automated Child Support Enforcement System (] PACSES [)] []. Arrears of $17,215.02 are removed. **This balance is subject to adjustment based on the records of Trumbull County, state of Ohio courts**. At the request of the Ohio court, this case will close.

Amended Petition Ex. A (emphasis added).

On September 12, 2018, Beaver filed an Inmate's Request to Staff Member (Request) stating that SCI-Mercer's continued withholding of his funds violated the August 20, 2018 order. *See* Amended Petition Unspecified Ex. The response to the Request specified Trumbull County had informed Jolley that Allegheny County lacked jurisdiction in this matter and SCI-Mercer should continue to withhold funds until otherwise ordered by Trumbull County. *See id.*

On October 24, 2018, Beaver filed a petition for review, styled as a Complaint in Civil Action, in this Court. On December 3, 2018, Beaver filed the Amended Petition seeking:

> (1) that the Court issue an Order to [DOC] to cease and desist taking monies from [Beaver's] inmate account, (2) issue an Order instructing [DOC] to reimburse [Beaver] all monies the [Department] has taken from him pursuant to the [August 14, 2018 order] issued and/or a telephone conversation, and (3) issue an Order for the [Department] to pay [Beaver] in the sum amount of $500.00 as punitive

---

[2] The following facts are as alleged in the Amended Petition and the attachments thereto.

damage for the deliberate indifference and emotional effect its actions has [sic] had on [Beaver].

Amended Petition at 4. On January 8, 2019, DOC filed the Preliminary Objections to the Amended Petition.

> The law is well settled:
>
> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, **it must appear with certainty that the law will not permit recovery**, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. **When ruling on a demurrer, a court must confine its analysis to the** [petition for review in the nature of a] **complaint**.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (emphasis added; citations omitted). "[C]ourts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014). Thus, when deciding the Preliminary Objections, this Court's analysis is limited to the Amended Petition and the attachments thereto.

DOC first argues that the Amended Petition should be dismissed because the Department is complying with a facially valid out-of-state child support order and is, therefore, immune from liability under Section 7501.3 of the Uniform Interstate Family Support Act (Act), which provides: "An employer who complies with an

income-withholding order issued in another state in accordance with this chapter is not subject to civil liability to an individual or agency with regard to the employer's withholding of child support from the obligor's income." 23 Pa.C.S. § 7501.3.

Beaver rejoins that, since the Department is not his employer, Section 7501.3 of the Act does not apply here. However, Section 4302 of the Domestic Relations Code defines "employer" as "an individual, partnership, association, corporation, trust, . . . [or] **Commonwealth agency** . . . **paying** or obligated to pay **income**." 23 Pa.C.S. § 4302 (emphasis added). "Income" is defined, in relevant part, as "any form of payment due to and collectible by an individual regardless of source." *Id.* Thus, by definition, the Department is Beaver's employer under the Domestic Relations Code. Consequently, Section 7501.3 of the Act applies in the instant matter.[3] Accordingly, DOC's first preliminary objection is sustained.

DOC next asserts that the Amended Petition should be dismissed because Beaver's due process remedies[4] lie in the Domestic Relations Code.

Section 7501.5 of the Act expressly provides:

An obligor may contest the validity or enforcement of an income-withholding order issued in another state and received directly by an employer in this [s]tate by registering the order in a tribunal of this [s]tate and filing a contest to that order as provided in Chapter 76 (relating to registration, enforcement and modification of support order) or otherwise contesting the order in the same manner as if the order had been issued by a tribunal of this [s]tate.

---

[3] Notably, Beaver agrees that if the Department was his employer and he was earning a wage, DOC would be immune from liability under Section 7501.3 of the Act. *See* Beaver Br. at 10.

[4] Beaver contends he is entitled to due process because taking his money is causing him a financial hardship. However, "[t]here is [] no indication that [DOC] [is] required to hold a hearing to determine how much, if anything, [an inmate] is capable of paying toward his child support obligation. The court order and the Domestic Relations Code contain no such requirement." *Rosario v. Beard*, 920 A.2d 931, 936 (Pa. Cmwlth. 2007).

4

23 Pa.C.S. § 7501.5. Thus, pursuant to the Act, Beaver's remedy is to register the Ohio order in Pennsylvania and commence an action to contest it. Accordingly, DOC's second preliminary objection is sustained.

Finally, DOC argues that Beaver's Amended Petition should be dismissed because he fails to establish a clear right to relief. Specifically, DOC contends that, to the extent Beaver is seeking an injunction, he has not pled facts which indicate he has a clear right to relief.

> To prevail in an action for injunction, a party must establish that his right to relief is clear, that an injunction is necessary to avoid an injury that cannot be compensated by damages, and that greater injury will result from refusing rather than granting the relief requested. **A court may not grant injunctive relief where an adequate remedy exists at law**.

*Buehl v. Beard*, 54 A.3d 412, 419-20 (Pa. Cmwlth. 2012) (emphasis added; citation omitted), *aff'd*, 91 A.3d 100 (Pa. 2014).

Here, Beaver's action rests entirely upon an Allegheny County Common Pleas Court order removing his arrears order from Pennsylvania's PACSES system. The order's removal from the PACSES system does not remove the arrears from Trumbull County, wherein the support order was initiated or the CSEA that directed SCI-Mercer to withhold the money from Beaver's inmate account. If Beaver wishes to contest the original support order or the enforcement thereof, he must comply with the Act. Because "an adequate remedy exists at law," DOC's third preliminary objection is sustained. *Buehl*, 54 A.3d at 419-20.

5

**Conclusion**

For all of the above reasons, DOC's Preliminary Objections are sustained, and Beaver's Amended Petition is dismissed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard D. Beaver, : 
        Petitioner : 
         : 
        v. : 
         : 
John Wetzel, Secretary, Pennsylvania : 
Department of Corrections, and : 
Melinda Adams, Superintendant, : 
SCI-Mercer, and Rhonda Jolley, : 
Inmate Accounts, SCI-Mercer, :      No. 674 M.D. 2018
        Respondents :

## O R D E R

AND NOW, this 6th day of December, 2019, the preliminary objections filed by the Pennsylvania Department of Corrections Secretary John Wetzel, State Correctional Institution at Mercer's (SCI-Mercer) Superintendent Melissa Adams, and SCI-Mercer's inmate accountant Rhonda Jolley to Richard D. Beaver's (Beaver) pro se amended petition for review (Amended Petition) are SUSTAINED, and Beaver's Amended Petition is DISMISSED.

                          _____
                          ANNE E. COVEY, Judge