Eric Diaz (On behalf of himself and :
all others similarly situated, as well as :
all the Voters of Dauphin County and :
the Citizens of Pennsylvania), :
     Petitioner :
          :
    v. :
          :
(1) 12th Judicial District, aka: Dauphin :
County Court of Common Pleas; (2) :
Honorable John F. Cherry, P.J., in his :
Official Capacity; (3) Dauphin County :
Adult Probation/Parole Department; and :
(4) Director Chadwick J. Libby, in his :
Official Capacity,     : No. 56 M.D. 2021
     Respondents : Submitted: December 17, 2021

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM         FILED: March 28, 2022

Before this Court in our original jurisdiction is the Petition for Review in the Nature of Complaint in Mandamus and a Suit in Equity for Declaratory Judgment and Injunctive Relief (Petition for Review)[1] filed by Eric Diaz (Diaz), *pro se*.[2] Diaz alleges that the Special Conditions for Sexual Offenders (Special

---

[1] Diaz filed the Petition for Review originally in the Superior Court, which transferred it to this Court.

[2] Diaz has captioned the Petition for Review as a class action "[o]n behalf of himself and all others similarly situated, as well as all the [v]oters of Dauphin County and the [c]itizens of Pennsylvania." As this Court has previously explained in separate, similarly captioned litigation by Diaz, a *pro se* prisoner such as Diaz may not commence a class action lawsuit. *See Diaz v. 12th*

Conditions) imposed by the Dauphin County Court of Common Pleas (criminal court) as a result of his criminal conviction were illegal and that a subsequent seizure and search of Diaz's cell phone, although authorized by the Special Conditions he signed, was likewise illegal. *See generally* Pet. for Rev. He seeks declaratory and injunctive relief against the criminal court; the Honorable John F. Cherry, President Judge of the criminal court (Judge Cherry), in his official capacity; the Dauphin County Adult Probation/Parole Department (probation office); and Chadwick J. Libby, Director of the probation office (Director Libby), in his official capacity (collectively, Respondents).[3] Diaz seeks an order invalidating the Special Conditions, directing the criminal court and probation office to stop imposing and enforcing the Special Conditions, and requiring Judge Cherry and Director Libby to "devise an intelligible method of imposing and enforcing a new compilation of [Special Conditions] that are in total compliance with the law." *Id.* at 25.

Presently before this Court for disposition are Respondents' preliminary objections to the Petition for Review, Diaz's preliminary objections to Respondents' preliminary objections, and Diaz's application for expedited disposition of the Petition for Review. For the reasons set forth below, we overrule Diaz's preliminary objections, sustain Respondents' preliminary objections, deny

---

*Judicial Dist.* (Pa. Cmwlth., No. 589 M.D. 2020, filed Sept. 20, 2021) (*Diaz I*), slip op. at 1-2 n.1 (citing *Mobley v. Coleman*, 65 A.3d 1048, 1051 n.1 (Pa. Cmwlth. 2013)). Therefore, as we did in his previous action, we will treat the Petition for Review here as filed solely on Diaz's own behalf. *See Diaz I*, slip op. at 2 n.1.

[3] In addition to Respondents, who are named in the caption of the Petition for Review, Diaz avers that the Dauphin County District Attorney's Office and the Pennsylvania Attorney General's Office are additional "indispensable parties." Pet. for Rev. at 2. In disposing of a similar averment in *Diaz I*, this Court refused to compel participation by individuals or entities not properly named as parties. *Diaz I*, slip op. at 2 n.3. We likewise refuse to do so here.

the application for expedited relief as moot, and dismiss the Petition for Review with prejudice.

## I. Background

In October 2016, Diaz was sentenced in the criminal court to five years of intermediate punishment as a sex offender. Pet. for Rev. at 7. As a result of his conviction and sentence, Diaz was subject to and signed the Special Conditions, which are applicable to "probation, parole and/or intermediate punishment" of sex offenders and which, in pertinent part, authorized probation office personnel to conduct searches of his property.[4] *Id.* at 7 & Exs. B1-B2. The first 12 months of Diaz's sentence were to be served at the Dauphin County Work Release Center (Work Release Center). *Id.* at 7. In May 2017, while Diaz was residing at the Work Release Center, his cell phone was seized and searched. *Id.* at 8. That search resulted in additional criminal charges (2017 charges) and a transfer to Dauphin County Prison. *Id.* In the criminal proceedings relating to the 2017 charges, which are still pending, Diaz has asserted, *inter alia*, invalidity of the Special Conditions and resulting illegality of the seizure and search of his cell phone. *See generally id.*

Respondents filed preliminary objections to the Petition for Review (Respondents' preliminary objections), asserting that "this Court is without jurisdiction to mandamus [sic] Respondents, the Petition for Review does not state a claim for relief, [Diaz] does not have standing, [Diaz] cannot collaterally attack his

---

[4] Special Condition No. 12 stated: "I understand that all electronic devices including, but not limited to, computers, cameras, video recorders, cell phones, tablets, e-readers and other electronic devices in my residence or under my control are subject to search by the [p]robation [o]ffice." Pet. for Rev., Ex. B1. Special Condition No. 14 stated: "I shall not access or participate in any social networking websites[,] including but not limited to, MySpace, Facebook and Twitter." *Id.*, Ex. B2. Diaz does not specifically explain the relevance of Special Condition No. 14, but alleges that the restrictions it imposes on use of social media are also illegal.

3

criminal sentence, Respondents have immunity, and other reasons that will be set forth in Respondents' brief." Respondents' Prelim. Objs. at 3. Diaz filed preliminary objections (Diaz's preliminary objections) to Respondents' preliminary objections, asserting that they were insufficiently specific, failed to cite supporting legal authority, and indicated Respondents improperly planned to offer "other reasons" in their forthcoming brief in support of their preliminary objections. Diaz's Prelim. Objs. at 1-2.

In their brief opposing Diaz's preliminary objections, Respondents argued that Diaz's preliminary objections concerning insufficient specificity and failure to cite supporting authority were without merit because requiring additional discussion and citations of authority in Respondents' preliminary objections would essentially require Respondents to include their brief in their preliminary objections. Br. in Opp'n to Diaz's Prelim. Objs. at 3. Regarding Diaz's objection to Respondents' stated intent to assert "other reasons" for their preliminary objections in their supporting brief, Respondents observed that they had not actually raised any "other reasons" in their brief than those originally set forth in their preliminary objections; therefore, Diaz's preliminary objection on that basis was "of no moment." *Id.* at 4.

Respondents filed a separate brief in support of their preliminary objections. They argued that only our Supreme Court has original jurisdiction over mandamus actions against judicial entities and officers; although this Court may entertain a mandamus action against such entities and officers if ancillary to a pending appeal, there is no pending appeal in this case. Br. in Support of Respondents' Prelim. Objs. at 7-9. Respondents also asserted that Diaz cannot obtain declaratory or injunctive relief in this Court because he has both an adequate

4

remedy at law and a more appropriate alternate forum, *i.e.*, assertion of his arguments in his pending criminal case, a course he is already pursuing. *Id.* at 9-11. In a related argument, Respondents contended the Petition for Review constitutes an improper collateral attack on Diaz's criminal case, in which he has already challenged the validity of the Special Conditions. *Id.* at 12-13. Finally, Respondents argued the Petition for Review was barred by sovereign immunity. *Id.* at 13-15.

Diaz filed no brief, either in opposition to Respondents' preliminary objections or in support of Diaz's preliminary objections. Instead, he filed a document titled "Petitioner's Statement in Lieu of Brief in Opposition to [Respondents' preliminary objections] and Application for Expedited Review to Close Out the Case" (Diaz Statement). In the Diaz Statement, he acknowledged this Court's dismissal of his previous petition, also sounding in mandamus, in which he also sought declaratory and injunctive relief against the criminal court in connection with the search of his cell phone and the resulting 2017 charges. Diaz Statement at 2 (citing *Diaz v. 12th Judicial Dist.* (Pa. Cmwlth., No. 589 M.D. 2020, filed Sept. 20, 2021) (*Diaz I*)).[5] Diaz quoted Respondents' repeated arguments that his challenge to the seizure of his cell phone must be asserted in his criminal case and that, in fact, he is already doing so. Diaz Statement at 3-4. Diaz acknowledged that he challenged Special Condition No. 12, the basis for the search of his cell phone, in a motion to suppress evidence during the proceedings on the 2017 charges. *Id.* at 4. Diaz stated further that he "recognizes that [] Respondents may have been correct in that an appropriate/adequate remedy exists in which to make his challenges raised

---

[5] Unreported opinions of this Court issued after January 15, 2008 may be cited as persuasive pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

within his Petition for Review" in the criminal court. *Id.* (original emphasis removed).[6]

## II. Discussion

### A. Diaz's Preliminary Objections[7]

In Diaz's preliminary objections, he argues Respondents' preliminary objections were insufficiently specific, failed to cite supporting legal authority, and indicated Respondents improperly intended to offer reasons for dismissing the Petition for Review in their supporting brief that were not in their preliminary objections. Diaz Prelim. Objs. at 1-2. We discern no merit in Diaz's preliminary objections.

In *Rehabilitation and Community Providers Association v. Department of Human Services Office of Developmental Programs* (Pa. Cmwlth., No. 543 M.D. 2019, filed February 3, 2021) (*RCPA*), this Court addressed preliminary objections asserting insufficient specificity of the respondents' preliminary objections, as well as the respondents' failure to cite supporting legal authority in their preliminary objections. We find our analysis in *RCPA* persuasive and instructive here.

---

[6] Diaz further stated that he "will voluntarily close this case out altogether should this Court be willing to issue an official [o]pinion and/or [o]rder stating to the effect thereof [sic] that said appropriate/adequate remedy at law exists within said criminal cases pending before the [criminal court]." Diaz Statement at 4. In view of our disposition of Respondents' preliminary objections, Diaz's offer to "close" this case is not accepted.

[7] In ruling on preliminary objections, the Court accepts as true all well-pleaded material averments in the petition for review and any reasonable inferences from those averments, but is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion in the petition for review. *Henry v. Wolf*, 256 A.3d 48, 51 (Pa. Cmwlth. 2021). We will sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim. *Id.* Further, we will sustain a preliminary objection in the nature of a demurrer only when a petitioner has failed to state a claim for which relief may be granted. *Id.*

6

In *RCPA*, the respondents' preliminary objections included averments similar to those of Respondents here, including lack of standing and failure to state the elements necessary for injunctive relief. *RCPA*, slip op. at 6-7.[8] The petitioners in *RCPA*, like Diaz here, argued that the respondents' preliminary objections included only general boilerplate averments. *Id.* at 6. We rejected that argument

---

[8] The *RCPA* respondents' preliminary objections stated:

> 1. Petitioners . . . have improperly invoked the original jurisdiction of this Court pursuant to 42 Pa.[]C.S. § 761 because they have failed to exhaust their administrative remedies.

> 2. Petitioner[s] . . . [are] at the same time seeking to raise claims similar to those asserted in the [p]etition for [r]eview before [another tribunal].

> 3. Petitioners . . . do not have standing to maintain this action.

> 4. Petitioners do not have standing to seek relief on behalf of [others].

> 5. Petitioners have failed to state a claim on which relief can be granted because the [conduct alleged in the petition for review] does not violate [enumerated state statutes].

> 6. Petitioners have failed to state a claim on which relief can be granted because the [conduct alleged in the petition for review] does not violate [federal law].

> 7. Petitioners have failed to state a claim on which relief can be granted because they do not have a privately enforceable right to challenge . . . administration of a program that operates under a waiver granted by the federal government.

> 8. Petitioners have failed to state a claim on which relief can be granted because they failed to allege the elements necessary for injunctive relief.

*Rehab. & Cmty. Providers Ass'n v. Dep't of Hum. Servs. Off. of Developmental Programs* (Pa. Cmwlth., No. 543 M.D. 2019, filed Feb. 3, 2021), slip op. at 6-7.

7

because the respondents' preliminary objections were sufficient to apprise the petitioners and the Court of the bases for the respondents' objections. *Id.* at 8.

Here, Respondents' preliminary objections asserted, in pertinent part:

4. Judge Cherry and Director Libby are sued in their official capacities only. Hence, the claims against them are actually against the [criminal court and probation office].

5. Respondents are entities of the Unified Judicial System of Pennsylvania.

6. According to the Petition [for Review], this case arises from [Diaz's] 2016 criminal sentence, in which the [criminal court] imposed [Special Conditions] as part of his sentence. (Pet[.] for Rev[.] at 7.)

7. While [Diaz] claims that he is not seeking a "direct ruling" on his new, 2017 criminal case, he intends on filing a motion claiming that the [Special] Conditions about which he complains here were illegal and, therefore, tainted a search of his phone. (Pet[.] for Rev[.] at 9.) The search led to the 2017 criminal case.

8. [Diaz] has already raised the legality of the [Special] Conditions in his underlying 2016 criminal case, including an appeal to the Superior Court. (Pet[.] for Rev[.] at 10-11.)

9. As will be set forth in Respondents' brief, these Preliminary Objections should be granted because this Court is without jurisdiction to mandamus [sic] Respondents, the Petition for Review does not state a claim for relief, [Diaz] does not have standing, [Diaz] cannot collaterally attack his criminal sentence, Respondents have immunity, and other reasons that will be set forth in Respondents' brief.

Respondents' Prelim. Objs. at 2-3. We find these averments were sufficient to apprise Diaz and this Court of Respondents' objections. Moreover, we observe that

8

Diaz previously elicited comparable preliminary objections in *Diaz I* from the respondents including the criminal court, so he could not have been ignorant of the purport of Respondents' similar preliminary objections here. *See generally Diaz I.* Notably, like the petitioner in *RCPA*, Diaz has not pointed to any prejudice he suffered because of the alleged insufficiency of Respondents' preliminary objections. To the extent that there is any technical deficiency in Respondents' preliminary objections, this Court has discretion to overlook a procedural defect in a pleading that does not affect a party's substantial rights. Pa.R.Civ.P. 126; *see RCPA*, slip op. at 9. Accordingly, we overrule Diaz's preliminary objection based on insufficient specificity of Respondents' preliminary objections.

This Court in *RCPA* also rejected the petitioners' objection that the respondents' preliminary objections contained no citations of authority. *RCPA*, slip op. at 9. We observed in *RCPA* that there is no rule requiring citations of authority in preliminary objections and that the respondents developed their arguments and cited pertinent authority in their supporting brief. *Id.* We find those observations applicable here as well. Therefore, we overrule Diaz's preliminary objection relating to the absence of citations of authority in Respondents' preliminary objections.

As for Diaz's third preliminary objection, we agree with Respondents that their brief asserts no additional grounds for dismissal of the Petition for Review that were not asserted in Respondents' preliminary objections. Therefore, Diaz's preliminary objection in that regard is overruled.

## B. Respondents' Preliminary Objections

Notably, in *Diaz I*, this Court sustained the respondents' preliminary objection to mandamus jurisdiction and their demurrers to Diaz's claims seeking declaratory and injunctive relief, based on the same arguments Respondents have asserted here. First, we concluded Diaz could not maintain a mandamus action in this Court's original jurisdiction against judicial respondents. *Diaz I*, slip op. at 7-9. Second, we concluded Diaz could not maintain claims for declaratory and injunctive relief where those remedies could be more appropriately pursued in his pending criminal case. *Id.* at 9-13. We reach the same conclusions here.

## 1. Mandamus

As we explained in *Diaz I*, mandamus is an extraordinary writ designed to compel the performance of a ministerial act or mandatory duty; it may be issued only where the petitioner has a clear legal right to the performance of a ministerial act or mandatory duty, the respondents have a corresponding duty to perform that act, and the petitioner has no other adequate or appropriate remedy. *Diaz I*, slip op. at 7 (citing *Allen v. Dep't of Corr.*, 103 A.3d 365, 369-70 (Pa. Cmwlth. 2014)) (additional citation omitted).

Here, as in *Diaz I*, Diaz is seeking relief sounding in mandamus against judicial personnel. Indeed, a fundamental premise underlying Diaz's legal position in the Petition for Review is that the probation office is part of the criminal court. *See generally* Pet. for Rev. However, our Supreme Court has supervisory and administrative authority over all Pennsylvania courts. Pa. Const. art. V, §§ 2 & 10(a). That supervisory and administrative authority includes jurisdiction over mandamus actions against courts of inferior jurisdiction. 42 Pa.C.S. § 721(2). Such

10

jurisdiction is exclusive in matters of original jurisdiction; thus, in order for this Court to exercise jurisdiction over a mandamus action against a court of common pleas, the mandamus claim must be ancillary to a pending appeal in this Court. 42 Pa.C.S. § 761(c) (providing that "[t]he Commonwealth Court shall have original jurisdiction in cases of mandamus . . . to courts of inferior jurisdiction . . . where such relief is ancillary to matters within its appellate jurisdiction"); *Guarrasi v. Scott*, 25 A.3d 394, 407 (Pa. Cmwlth. 2011). Here, as in *Diaz I*, there is no appeal pending in this Court to which Diaz's mandamus claim is ancillary. On that basis, we sustained the respondents' preliminary objection asserting lack of jurisdiction over Diaz's mandamus claim in *Diaz I*. Slip op. at 8-9. We do so on the same basis here as well.

Under Pennsylvania law, if a matter is filed in a court that lacks jurisdiction and there is another court that would have jurisdiction, the action is not dismissed, but is transferred to the proper court. 42 Pa.C.S. § 5103(a). Therefore, we will transfer Diaz's mandamus claim to our Supreme Court for disposition.

## 2. Declaratory and Injunctive Relief

Regarding Respondents' preliminary objection to Diaz's claim for declaratory relief, we sustained a similar preliminary objection in *Diaz I*. There, as here, Diaz sought a declaration that the search of his cell phone was illegal, in the hope that a favorable ruling from this Court would constitute proof of "an underlying primary taint" regarding that search, which he could then use to seek dismissal of his pending criminal charges.[9] Pet. for Rev. at 9; *Diaz I*, slip op. at 10. As this Court

___

[9] Diaz filed an "Omnibus Pre-Trial Motion" in the criminal court, seeking to suppress the evidence obtained in the search; that motion was denied. Pet. for Rev. at 8. He seeks a favorable result in this Court, which he contends he can use to support a motion for reconsideration of his suppression motion in the criminal court. *Id.* at 9.

11

explained in *Diaz I*, a declaratory judgment action is not to be used as a substitute for an available and more appropriate remedy. *Id.* (quoting *Pittsburgh Palisades Park, LLC v. Pa. Horse Racing Comm'n*, 844 A.2d 62, 67 (Pa. Cmwlth. 2004)). We stated further:

> In the instant case, Diaz seeks declaratory judgment from this Court to provide further support for his ongoing criminal and civil[10] cases before the [criminal court]. However, his issues regarding an alleged "warrantless" search and seizure of his cell phone are best presented and settled before the [criminal court] during his criminal proceedings. Diaz is effectively asking this Court to provide a declaration in the instant civil case regarding a seizure that supports his criminal charges. To do so would evade the proper channels for defendants to challenge matters related to evidence and criminal procedure. Diaz must challenge the seizure of the cell phone before the [criminal court] in connection with his criminal case.

*Id.* at 11. Our reasoning in *Diaz I* is directly on point, and we adopt it here.

In support of Respondents' preliminary objection demurring to Diaz's claim for injunctive relief, Respondents assert that Diaz has an adequate available remedy because his challenges to Special Condition No. 12 and the search of his cell phone can be and have been raised in his pending criminal case, and moreover, equitable relief is generally not available in criminal matters. Br. of Resp'ts at 10-11 (citing *Buehl v. Beard*, 54 A.3d 412, 419-20 (Pa. Cmwlth. 2012), *aff'd*, 91 A.3d 100 (Pa. 2014); *Nagle v. Pa. Ins. Dep't*, 406 A.2d 1229, 1237 (Pa. Cmwlth. 1979) (holding that the petitioner had an adequate remedy at law where a separate pending case raised the same issue), *rev'd in part on other grounds*, 452 A.2d 230 (Pa. 1982);

_____

[10] Diaz filed a civil action in which he alleged a violation of his civil rights by the criminal judge who presided over a criminal proceeding involving the contents of his cell phone. *Diaz I*, slip op. at 4 n.4 (citing *Diaz v. Hon. Curcillo*, C.C.P. Dauph. Cnty., No. 2019-CV-03206 (currently pending)).

12

*Marcus v. Diulus*, 363 A.2d 1205, 1210 (Pa. Super. 1976) (holding that declaratory and injunctive relief were unavailable in relation to a search and seizure where return of the property could be sought under the rules of criminal procedure)). We agree. Diaz expressly acknowledges, and indeed, "stresses" that Respondents are correct in averring that he has challenged Special Condition No. 12 in his criminal cases. Diaz Statement at 4. As this Court stated in *Diaz I*,

> [t]he present case originates solely from the confiscation and search of Diaz's cell phone . . . , which resulted in his pending criminal prosecution . . . . [A]s we will not make a determination that will produce the collateral effect of impacting ongoing criminal proceedings, Diaz has not stated a claim for which relief may be granted.

*Diaz I*, slip op. at 13. The same is true here.

Accordingly, we sustain Respondents' demurrers to Diaz's claims for declaratory and injunctive relief.

### 3. Additional Preliminary Objections

Because our rulings on Respondents' first two preliminary objections are dispositive of the action, we do not reach Respondents' additional preliminary objections. *Accord Diaz I*, slip op. at 13-14 (declining to evaluate preliminary objections asserting, *inter alia*, sovereign immunity and an impermissible collateral attack on rulings in Diaz's criminal case). In addition, we agree with Respondents that the defects in Diaz's claims cannot be cured by amending the Petition for Review, and consequently, we will dismiss the Petition for Review with prejudice.

13

## C. Application for Expedited Disposition

Finally, we note that Diaz's Statement included a purported application for expedited disposition of the Petition for Review. *See* Diaz's Statement at 5. That putative application was not properly submitted pursuant to Rule 123 of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 123. Moreover, in light of our disposition of Respondents' preliminary objections, that application is now moot. Accordingly, it is denied.

## III. Conclusion

For the foregoing reasons, we overrule Diaz's preliminary objections to Respondents' preliminary objections. We sustain Respondents' preliminary objections to Diaz's claims seeking mandamus, declaratory, and injunctive relief. We transfer the mandamus claim to the Pennsylvania Supreme Court pursuant to 42 Pa.C.S. § 5103(a). We dismiss the declaratory and injunctive relief claims with prejudice. We deny Diaz's request for expedited disposition as moot.[11]

---

[11] On March 7, 2022, while our disposition of this matter was pending, Diaz filed a document titled Petitioner's Status Update Statement and Application for Expedited Review, in which he again requested expedited disposition. That request is likewise denied as moot.

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Diaz (On behalf of himself and all others similarly situated, as well as all the Voters of Dauphin County and the Citizens of Pennsylvania),  :
              Petitioner  :

v.  :

(1) 12th Judicial District, aka: Dauphin County Court of Common Pleas; (2) Honorable John F. Cherry, P.J., in his Official Capacity; (3) Dauphin County Adult Probation/Parole Department; and (4) Director Chadwick J. Libby, in his Official Capacity,  :
              Respondents  :

No. 56 M.D. 2021

PER CURIAM

O R D E R

AND NOW, this 28th day of March, 2022, Petitioner's preliminary objections to Respondents' preliminary objections are OVERRULED. Respondents' preliminary objections to the petition for review are SUSTAINED. Petitioner's claim sounding in mandamus is TRANSFERRED to the Pennsylvania Supreme Court. The remaining claims in the petition for review are DISMISSED WITH PREJUDICE. Petitioner's application for expedited disposition is DENIED as moot. Petitioner's Status Update Statement and Application for Expedited Review, filed March 7, 2022, is likewise DENIED as moot.